[No. 14420.   In Bank. — September 8, 1891.]

THE MINES D'OR DE QUARTZ MOUNTAIN SOCIÉTÉ ANONYME ET AL., PETITIONERS, *v.* THE SUPERIOR COURT OF FRESNO COUNTY, RESPONDENT.

| 91 | 101 |
|-----|-----|
| 133 | 365 |

SUMMONS — SERVICE BY PUBLICATION — JURISDICTION — PROHIBITION — REMEDY BY APPEAL. — Where a court has jurisdiction of the subject-matter of an action, and has ordered that the summons be served upon the defendants by publication, the question as to whether it acquires jurisdiction over the defendants so served is one which the court has authority to pass upon, and a writ of prohibition will not lie to restrain the court from further proceeding in the action until the defendants should appear or be personally served with the summons, on the alleged ground that the case is not a proper one for the publication of summons.

The defendants have a plain and adequate remedy by appeal from any judgment which may be entered against them, if error should be committed in the decision of the court.

APPLICATION to the Supreme Court for a writ of prohibition. The facts are stated in the opinion of the court.

*Daniel Titus,* for Petitioner.

DE HAVEN, J. — Application for a writ of prohibition. The petitioners are non-residents of the state of California, and an action against them is pending in the superior court of Fresno County, in which that court made an order directing that the summons therein be served upon petitioners by publication. Thereafter the petitioners appeared specially in the action, and moved to vacate and set aside that order, upon the alleged ground that the action is *in personam,* and therefore not one in which summons by publication is authorized. The motion was denied. After this, petitioners again entered a special appearance in said action, and moved for an order staying all proceedings therein, until the summons should be personally served upon petitioners, or until such time as they should enter their general appearance. This motion was also denied, and the petitioners now ask that a writ of prohibition issue out of this court commanding said superior court to refrain from further proceeding in said action until petitioners shall enter their general appearance therein, or are personally served with the summons in the action.

1. We do not deem it either necessary or proper to determine at this time whether the action now pending against petitioners in the superior court is one in which the summons can be legally served by publication. That court has jurisdiction of the subject-matter of the action, and whether it has obtained jurisdiction over the persons of petitioners is a question which it must determine for itself before entering judgment in the action, and which it has the same authority to pass upon as any other question of law or fact which may arise during its progress;

and if, in the decision, error shall be committed to the prejudice of petitioners, the law affords them a plain, speedy, and adequate remedy by an appeal from any judgment which may be entered against them.   (*Agassiz* v. *Superior Court*, 90 Cal. 101, and cases cited.)

Application for writ denied.

BEATTY, C. J., GAROUTTE, J., McFARLAND, J., HARRISON, J., PATERSON, J., and SHARPSTEIN, J., concurred.