[S. F. No. 827.   Department One.—November 26, 1898.]

# W. W. McDONALD, Respondent, v. GILMORE AGNEW, Appellant.

PRACTICE—APPEARANCE BY DEMURRER—JUSTICE'S COURT—PROHIBITION—
SUMMONS—APPEAL.—A defendant by demurring to a complaint in a
justice's court, submits himself to the jurisdiction of the court,
under sections 416 and 1014 of the Code of Civil Procedure, not-
withstanding a recital in the demurrer to the contrary, and that
his appearance is only for the purpose of demurring; and upon
the overruling of such demurrer, and the entry of his default
for failure to answer, cannot maintain prohibition against the
further proceedings of the justice's court, on the ground of irreg-
ularities in the service and return of the summons. Conceding
that such irregularities were not waived by the demurrer, the
right of the defendant to have his objections thereto reviewed
on appeal, where his previous motion to quash the service has
been denied, is a plain, speedy, and adequate remedy.

APPEAL from a judgment of the Superior Court of San
Benito County.   James F. Breen, Judge.

The facts are stated in the opinion.

Scott & Dooling, for Appellant.

G. B. Montgomery, for Respondent.

HAYNES, C.—The defendant, a justice of the peace, appeals
from a judgment of the superior court prohibiting him from
further proceeding in an action brought in his court by one
Wilds against McDonald, the plaintiff in this proceeding. The
appeal is from the judgment upon the judgment-roll.

The findings show the following facts: That summons in the
action of *Wilds v. McDonald* was regularly issued by the jus-
tice, and "a duplicate of said summons attached to a copy of the
complaint was handed to said W. W. McDonald" by the attor-

ney for said Wilds; that neither said summons nor complaint was marked "copy," nor was any other summons shown or read to McDonald; that McDonald's attorney afterward demanded of the justice permission to inspect the original summons and proof of service, but this request was not complied with for the reason that the summons had not been returned, and a similar request was made of Wilds' attorney, who replied that he would file the summons and proof of service before he moved in the action. These requests, as well as a subsequent motion to quash the summons and dismiss the action, were made before his time to answer had expired. This motion to quash was denied by the justice, and the defendant in that action again moved the court to strike the complaint from the files upon the grounds that the summons had not been returned, that the originals and not copies had been served, and that no other complaint or summons had been shown to him; and this motion was also denied. For the purposes of each of these motions McDonald appeared specially. He then filed a demurrer to the complaint, prefacing it with the following statement: "Comes now the above-named defendant, and not submitting himself to the jurisdiction of this court, nor waiving any of his rights, but appearing only for the purpose of demurring to the plaintiff's complaint filed herein."

This demurrer stated three grounds: 1. Want of facts; 2. Improperly joining two causes of action; and 3. For uncertainty. Defendant's attorney declined to argue his demurrer, and it was overruled, and being called upon to answer declined to do so, and his default was entered, and before judgment was entered thereon McDonald procured from the superior court an alternative writ of prohibition. No return of the summons was at any time made to the justice, though it was attached to the answer of the justice in this proceeding with a sufficient affidavit of service made before the date of the default.

Upon these facts, the superior court concluded that the justice never acquired jurisdiction over the person of the defendant, and entered judgment awarding a peremptory writ of prohibition, from which the justice appeals.

As the default was entered without a return of the summons, or proof of its service, it is not necessary to decide whether due

service was in fact made, nor whether, in the absence of an appearance by the defendant, the justice would have had jurisdiction to enter his default, since there was an appearance by the defendant before the default was entered.

Section 416 of the Code of Civil Procedure provides that: "The voluntary appearance of a defendant is equivalent to personal service of the summons and copy of the complaint upon him"; and section 1014 provides: "A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him."

A special appearance may be made for the purpose of quashing the summons or proof of service, but a demurrer to the complaint, raising, as it does, an issue of law in the case to be tried by the court, is necessarily a submission to its jurisdiction over the parties.

But the statute is too plain to require argument or illustration. In *Vrooman v. Li Po Tai*, 113 Cal. 302, 305, in speaking of section 1014, *supra*, it is said: "A defendant appears in an action when he answers, demurs, or gives written notice of his appearance, or where an attorney gives notice of an appearance for him, and he can appear in no other way. This statute was intended to settle all disputes upon the subject."

Respondent cites *Deidesheimer v. Brown*, 8 Cal. 339; *Lyman v. Milton*, 44 Cal. 630, and *Kent v. West*, 50 Cal. 185, to the point that he did not waive his objections to the service of the summons by demurring to the complaint. These cases hold that, where the defendant has appeared specially to move to quash the summons, he does not waive the right to have the question reviewed upon appeal by answering after his motion is overruled. But granting that the defendant does not waive his objection to the service, and the ruling of the justice thereon, by demurring or answering, these cases show that he has "a plain, speedy and adequate remedy in the ordinary course of law" by an appeal, and therefore prohibition will not lie.

By demurring to the complaint the defendant appeared and submitted himself to the jurisdiction of the court, and the justice did not exceed his jurisdiction in entering his default, and could regularly proceed to enter judgment thereon.

The judgment of the superior court should be reversed, the writ of prohibition, if issued, should be quashed, and the proceeding dismissed.

Chipman, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed, with directions to the superior court to quash the writ and dismiss the proceeding.

Garoutte, J., Van Fleet, J., Harrison, J.