[Civ. No. 581.   Third Appellate District.—August 25, 1909.]

CHARLES BURGE, Respondent, v. JUSTICE'S COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, and ISIDORE GOLDEN et al., Justice of Said Court, Appellants.

PROHIBITION—WANT OF JURISDICTION—ADEQUATE REMEDY AT LAW.— Want of jurisdiction is an insufficient ground for issuing a writ of prohibition, if there be a plain, speedy and adequate remedy at law.

ID.—IMPROPER WRIT FROM SUPERIOR COURT TO JUSTICE'S COURT OF ANOTHER COUNTY—SERVICE OF SUMMONS OUT OF COUNTY—ABSENCE OF WRITTEN CONTRACT.—The superior court of the county of the petitioner improperly issued the writ of prohibition to the justice's court of the city and county of San Francisco for its want of jur-

isdiction to serve its summons out of its county upon the petitioner in an action not based upon a written contract, since the petitioner had an adequate remedy at law.

ID.—AVAILABLE LEGAL REMEDY—MOTION TO QUASH SERVICE OF SUM-MONS—APPEAL.—The petitioner for the writ of prohibition had the available adequate remedy at law to move in the justice's court in which the action was commenced to quash the service of the summons, and if he should fail, the remedy by appeal was available to him.

ID.—NECESSITY OF CALLING ATTENTION OF COURT TO EXCESS OF JURIS-DICTION.—It is a settled rule that the writ of prohibition will not lie, unless the attention of the court whose proceedings are sought to be stayed has been called to the alleged excess of jurisdiction.

APPEAL from a judgment of the Superior Court of Tuolumne County. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

M. H. Wascerwitz, Street & Street, and G. C. Ringolsky, for Appellants.

E. W. Holland, for Respondent.

CHIPMAN, P. J.—This is an action commenced in the superior court of Tuolumne county to obtain a writ of prohibition commanding the defendants to desist from further proceedings in a certain action. Defendants made default and the court entered its judgment directing the permanent writ to issue as prayed for. The appeal is from the judgment on the judgment-roll.

It appears from the affidavit on which the writ was based that, on June 1, 1908, one Sol Kahn brought an action in the justice's court in the city and county of San Francisco, against affiant, petitioner herein, for the recovery of judgment against affiant for the sum of $57.50, alleged to be due said Kahn for goods, wares and merchandise, sold and delivered to affiant by said Kahn within two years preceding the first day of June, 1908, and that said sum is due and payable in the said city of San Francisco; that summons has been issued in said action and copy thereof and of the complaint has been served on affiant in the county of Tuolumne, California; that affiant never contracted in writ-

ing or otherwise or at all to perform the obligation set forth in the complaint filed in said action; that the said justice's court has threatened to enter judgment against petitioner and have execution issue thereon and will do so unless prohibited by an order of this court; that "said acts of entering judgment and issuing execution are without or in excess of the jurisdiction over this petitioner; and said acts of said justice's court in proceeding to judgment and execution in said action will greatly injure your petitioner, and petitioner has no plain, speedy and adequate remedy herein in the ordinary course of law."

The claim made by respondent is that the summons in such an action cannot be served outside the county where the action is brought unless the contract was made in writing, which the affiant shows was not the case here (Code Civ. Proc., sec. 848, as amended, Stats. 1907, p. 879); and hence the justice's court was without jurisdiction. Want of jurisdiction is insufficient ground for issuing the writ, if there be a plain, speedy and adequate remedy at law. (Code Civ. Proc., sec. 1103.) Where improper issue of summons or improper service thereof appears, the remedy of the aggrieved party is by motion to quash the service addressed to the court in which the action was commenced. (*History Co.* v. *Light*, 97 Cal. 56, [31 Pac. 627]; *McDonald* v. *Agnew*, 122 Cal. 448, [55 Pac. 324].) If he fail, an appeal is available to him. (*Southern Pacific Co.* v. *Superior Court*, 59 Cal. 471; *Baughman* v. *Superior Court*, 72 Cal. 572, [14 Pac. 207], in both of which cases it was held that prohibition will not lie "unless the attention of the court whose proceedings are sought to be stayed has been called to the alleged excess of jurisdiction." See, also, *Grant* v. *Superior Court*, 106 Cal. 324, [39 Pac. 604].) In *McDonald* v. *Agnew*, 122 Cal. 448, [55 Pac. 324], the court said: "But granting that defendant does not waive his objection to the service and the ruling of the justice thereon by demurring or answering, these cases (certain cited cases) show that he has a plain, speedy and adequate remedy in the ordinary course of law, by an appeal, and therefore prohibition will not lie."

So here, petitioner had his remedy by moving to quash the service of summons, and if unsuccessful, he had his ap-

peal to the superior court. The affidavit shows that he failed to resort to the remedy given him at law, which was plain, adequate and speedy, and hence he was disentitled to the writ.

The judgment is reversed.

Hart, J., and Burnett, J., concurred.