[L. A. No. 2670. In Bank.—August 8, 1911.]

A. SIMPSON, Respondent, v. POLICE COURT OF THE CITY OF RIVERSIDE, and G. A. FRENCH, Judge thereof, Appellant.

POLICE COURT OF RIVERSIDE—JURISDICTION OF CIVIL ACTIONS CONCUR-RENT WITH JUSTICES' COURT—PROHIBITION.—The police court of the city of Riverside, created in pursuance of the provision of its charter (Stats. 1907, p. 1330, sec. 193), undertaking to vest in that court jurisdiction, concurrent with that of the justice's court, "of all civil actions and proceedings arising within the corporate limits of the city and which might be tried in said justices' court," will not be restrained by writ of prohibition from proceeding with the trial of a civil action to recover a sum of one hundred and twenty-five dollars, alleged to be due on a promissory note, on the ground that the court had no jurisdiction of the subject-matter of the action.

ID.—REMEDY BY APPEAL TO SUPERIOR COURT—DENIAL OF PROHIBITION.— Even if the police court is without jurisdiction of such an action, the writ of prohibition will not lie, for the reason that the defendant therein has a plain, speedy, and adequate remedy in the ordinary course of law, by an appeal to the superior court, from any judg-ment rendered against him, which appeal, under section 974 of the Code of Civil Procedure, may be taken on questions of law or fact, or both.

ID.—POLICE COURT MAY APPEAL FROM DECREE OF PROHIBITION.—The police court has a right to appeal from any judgment of the superior court prohibiting it from proceeding in such action, and to be re-lieved from any writ improperly issued so prohibiting it; and, even if it was without jurisdiction of such action, it cannot be said that the error of the superior court in granting the writ was without prejudice to it.

APPEAL from a judgment of the Superior Court of River-side County awarding a peremptory Writ of Prohibition. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Miguel Estudillo, for Appellant.

Charles R. Gray, for Respondent.

SLOSS, J.—This is an appeal from a judgment of the superior court awarding a peremptory writ of prohibition. An action was commenced in the police court of the city of Riverside by E. Carlin against A. Simpson (respondent herein), to recover one hundred and twenty-five dollars alleged to be due upon a promissory note. Simpson appeared and demurred to the complaint, upon the ground that the police court had no jurisdiction of the subject-matter of the action. The demurrer being overruled, this proceeding was instituted in the superior court to prohibit the police court and the judge thereof from proceeding further in the cause.

The charter of the city of Riverside provides for the creation of a police court, and undertakes to vest in that court jurisdiction, concurrent with that of the justices' court, "of all civil actions and proceedings arising within the corporate limits of the city and which might be tried in said justices' court." (Sec. 193, Stats. 1907, p. 1330.) The contention of the respondent is that this provision is ineffectual as a grant of jurisdiction in cases of the kind here involved. Regardless of the merits of this contention, we think the writ of prohibition should have been denied in the court below, for the reason that the petitioner Simpson had a plain, speedy, and adequate remedy in the ordinary course of law for any act to be done in excess of the jurisdiction of the police court. (Code Civ. Proc., secs. 1102, 1103.) An appeal may be taken to the superior court on questions of law or fact, or both, from a judgment rendered in a civil action in the police court. (Code Civ. Proc., sec. 974.) That such appeal is a plain and speedy remedy is not questioned. We think it clear, too, that the remedy is entirely adequate.

In support of this conclusion it will not be necessary to do more than to refer to the recent decision of the district court of appeal for the first appellate district in *Hamburger* v. *Police Court of City of Fresno,* 12 Cal. App. 153, [106 Pac. 894, 107 Pac. 614]. In that case, which was in its facts precisely similar to the one at bar, the court held that the writ

of prohibition was properly denied for the reason above stated, and cited authorities to support its ruling. An application for a hearing in this court was denied. The chief justice filed an elaborate opinion in support of his dissent from the order refusing to transfer the cause, and in that opinion expressed his view that an appeal which could not be carried beyond the superior court is not such an adequate remedy as to bar the petitioner's right to resort to a writ of prohibition, in which proceeding he might have the question at issue ultimately determined by the highest court in the state. But notwithstanding the forceful presentation of this position, a majority of the court took the other view and agreed with the district court of appeal that prohibition would not lie.

The court below therefore erred in granting the writ, for the reason that the plaintiff had a plain, speedy, and adequate remedy in the ordinary course of law. This being so, we will not enter into any examination of the question of the jurisdiction of the police court of the city of Riverside. Even if we should upon such an examination conclude that that court was without jurisdiction, it could not be said that the error of the superior court in granting a writ of prohibition was without prejudice to the appellant. The appellant is the police court. It is not a party to the action of Carlin *v*. Simpson, and has no direct interest in the outcome of that action. It has, however, a right to appeal from any judgment against it prohibiting it from proceeding in that action, and has a right to be relieved from any writ improperly issued so prohibiting it. Whether acting within or without its jurisdiction, it is subject to prohibition only in cases where, under the statute, prohibition will properly lie. It is as much injured by a writ of prohibition granted at the suit of one having a plain, speedy, and adequate remedy in the ordinary course of law, as by a writ granted in a case where it is acting within its jurisdiction.

The judgment is reversed, with directions to the superior court to dismiss the proceeding.

Shaw, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.

ANGELLOTTI, J., dissenting.—I dissent. I am in entire accord with the views expressed by the district court of appeal

in deciding this case, to the effect that the police court of the city of Riverside is without jurisdiction of the civil case, action in which by said police court it was sought to restrain by this proceeding in prohibition. Under such circumstances, I quite agree with the district court of appeal that a reversal of the judgment of the superior court granting a writ of prohibition should not be had, even if we assume, in accord with some of the decisions, that the writ might have been denied upon the ground that the parties seeking it had a plain, speedy, and adequate remedy by appeal. No good purpose can be subserved by permitting the police court to hear and determine the case on its merits, with the consequent expense and inconvenience to both parties, if the decision of that court ought to be set aside on an appeal to the superior court, on the ground of want of jurisdiction. (See *Campbell* v. *Durand* (Utah), 115 Pac. 986, 990.) Further, the question whether a plain, speedy, and adequate remedy by appeal exists in any particular case is, to my mind, one largely within the discretion of the court to which the application for prohibition is made. The mere fact that there is an appeal given by the law is not necessarily sufficient to bar the remedy by prohibition. The remedy by appeal must always be plain, speedy, and adequate, and whether it is of such a nature must depend on the facts of each particular case. We have nothing in the record of this case that compels the conclusion that there was an abuse of discretion on the part of the court in determining that the remedy by appeal was not a plain, speedy, and adequate remedy.

BEATTY, C. J., dissenting.—I dissent. No effort is here made to refute the proposition which I attempted to sustain by my opinion in *Hamberger* v. *Police Court* (reported in 12 Cal. App. 153), [106 Pac. 894, 107 Pac. 614], and I may assume it to be conceded that the doctrine of that case necessarily results in denying to the citizens of California a right of appeal to this court secured to them by the constitution. By the constitution the superior court is given original jurisdiction and this court and the district court of appeal also are given appellate jurisdiction in prohibition—that is to say in all original proceedings properly instituted for the purpose of preventing a threatened usurpation of judicial authority.

But a police court, having no jurisdiction of the subject-matter, requires a citizen to answer a suit upon a pecuniary obligation; objection is properly made by demurrer to the jurisdiction; the objection is overruled and the defendant required to answer; he petitions for a writ of prohibition, but it is denied by the superior court upon the sole ground that an appeal to that court from "the judgment sought" is a plain, speedy, and adequate remedy for his grievance. In answer to this the petitioner urges that such an appeal would make the superior court his last resort in case the jurisdiction of the police court should there be sustained, whereas it is his desire and intention to avail himself of his constitutional right of appeal to the higher courts for a final determination of the authority of the police court to compel him to answer. To this there is no reply except that his deprivation of a constitutional right is too small a matter to be worth discussion. I am still unreconciled to this method of disposing of the question. But conceding that my scruples on this point may be overnice, it is clear, as pointed out by Justice Angellotti, that there is a material difference between this case and the Fresno case. The objection to prohibition upon the ground of other plain, speedy, and adequate remedy, addresses itself to the discretion of the tribunal whose restraining power is invoked, it is not jurisdictional and, whether it has granted or denied the writ, its order will not be reversed except for abuse of discretion. That the allowance of the remedy is discretionary is a doctrine thoroughly established by the cases decided in this court. The cases of *Lindley* v. *Superior Court,* 141 Cal. 220, [74 Pac. 765], and *Ophir Company* v. *Superior Court,* 147 Cal. 467, [82 Pac. 70], were precisely the same except in the matter of convenience to the courts and expense to the parties, yet in one the writ was granted and in the other denied. It does not follow, therefore, that because the denial of the writ was affirmed in the Fresno case, the allowance of the writ must be reversed in this case. If Judge Densmore had reason to conclude that a trial in the police court, followed by an appeal to his court, would involve costs and trouble out of all proportion to the amount in controversy, and if he could see that the question of jurisdiction, which sooner or later he must decide, could be solved in the original proceeding as conveniently and more expeditiously and with less expense than after a trial

and appeal, how can it be said that he abused his discretion in allowing the writ? The question to be decided was purely a question of law. The allegations of the petition brought it within his jurisdiction, and the course he pursued in deciding it in advance of a trial and appeal was recommended by the same considerations which justify the ordinary practice in civil and criminal actions of determining the issues of law before proceeding to try the issues of fact. His course, in short, if sustained, would have resulted in a saving of time and money to the parties, and would have made a useful precedent in like cases. It would also have settled the important question as to the jurisdiction of the police court before the statute of limitations became a bar to a new action by Carlin in a justices' court if that became necessary. In view of the fact that the superior court, the district court of appeal, and Justice Angellotti (the only member of this court who has considered the question) are all of the opinion that the police court of Riverside has no jurisdiction of civil actions, it seems inevitable that any judgment against the defendant in the action commenced there must be reversed on appeal, after it is too late for the plaintiff to commence a new action for the same cause in a court of competent jurisdiction. It would seem, therefore, that the plaintiff in that action was even more deeply interested than the defendant (petitioner here) in the speedy determination of a question so vitally affecting his interests, and this fact lends additional support to the action of the superior court.

Finally, I am obliged to say that the reason assigned for setting aside the judgment of the district court of appeal in this case appears to me to be scarcely adequate. The appeal from the superior court was properly taken to that court. There the question as to the jurisdiction of the police court was carefully considered and the conclusion reached, in accordance with that of the superior court, that it had no jurisdiction of civil actions—and although they agreed with the appellant that prohibition was not the appropriate remedy, they nevertheless affirmed the judgment of the superior court upon the ground that the error in issuing the writ was without prejudice. I quote the last paragraph of their opinion:—

"While we concur with appellant in his contention that the court below erred in granting a writ of prohibition where the

right af appeal afforded a complete and adequate remedy, nevertheless, under section 475 of the Code of Civil Procedure it is made our duty to disregard any error which does not affect the substantial rights of the parties, and no judgment shall be reversed by reason of any error unless it shall appear from the record that such error was prejudicial and that the party complaining and appealing sustained and suffered substantial injury. In our opinion, then the police court of the city of Riverside having no jurisdiction, and any judgment rendered by such court being void upon its face, the appellant cannot be said to have suffered any substantial injury by the action of the court in prohibiting further proceedings in relation to such matter."

This reason for refusing to reverse the judgment of the superior court is deemed insufficient by this court because, however just and sound that judgment may be upon the substantial merits of the controversy, it stands in the form of a writ "improperly" issued, and the police court's right of appeal is infringed unless it is relieved from it. It cannot, of course, be denied that the police court has the right of appeal from an adverse judgment in prohibition; the constitution secures it in that right by the same clause that secures the right to one who invokes the remedy to protect him against judicial usurpation—the right pertains to the remedy and is not secured to one party to the exclusion of the other. This solicitude for the right of a tribunal asserting a questionable jurisdiction to prosecute its appeal to this court from a judgment which rightfully restricts it to its proper functions seems somewhat excessive when compared with our indifference to the practical nullification of the right of appeal accorded by the same provision of the constitution to one who justly complains that he is threatened by the process of a judicial usurper. He, it is held, in cases similar to this, can never get to this court on that question. His only remedy is an appeal to the superior court—an appeal which can be carried no farther.

And this scrupulous regard for the defendant's right of appeal from an adverse judgment in prohibition—in which I cordially sympathize—suggests a further consideration. Suppose the respondent had appealed to the superior court from the judgment of the police court, Judge Densmore would have

reversed the judgment for the same reason that led him to issue the writ of prohibition, and the result would have been that the police court would have found itself practically divested of its jurisdiction in civil cases by a judgment in a collateral proceeding from which it would have had no appeal. If, therefore, it has a rightful claim to the disputed jurisdiction, the remedy elected by the respondent has preserved to the police court a right of appeal which otherwise it would have lost. Where, then, is the prejudice resulting from the improper issuance of the writ? The idea seems to be that strict regularity of procedure must be adhered to at all hazards, and that a court whose claims to civil jurisdiction can only be drawn in question *secundum artem* in a proceeding which it cannot defend, has a real grievance if attacked in a proceeding which it can defend to the last ditch.