[Civ. No. 2951.   Second Appellate District, Division One.—June 6, 1919.]

GERMAIN SEED AND PLANT COMPANY (a Corporation), Respondent, v. JUSTICE'S COURT OF NUMBER TWO TOWNSHIP, MERCED COUNTY, et al., Appellants.

[1] Jurisdiction — Insufficient Service of Summons — Appeal. — Where the service of summons is insufficient to vest a justice's court with jurisdiction, but the defendant's motion to quash the service of summons is denied, the right of appeal from an adverse judgment thereafter rendered affords a plain, speedy and adequate remedy, by means whereof it may have the erroneous ruling of the justice reviewed.

[2] Id.—Want of Jurisdiction—Prohibition.—Mere want of jurisdiction will not justify the issuance of a writ of prohibition, as the defendant has a plain, speedy and adequate remedy in the ordinary course of the law.

APPEAL from an order of the Superior Court of Los Angeles County granting a writ of prohibition. Grant Jackson, Judge. Reversed.

The facts are stated in the opinion of the court.

Croop & Croop for Appellants.

Earl E. Sidebottom for Respondent.

SHAW, J.—As disclosed by the record herein, one T. A. Griffin instituted a suit in the justice's court of number two township, Merced County, against the plaintiff herein, which is a corporation having its principal place of business in the city of Los Angeles, to recover on an account for goods and merchandise sold and delivered in the city of Merced, county of Merced, to plaintiff at its special instance and request. The summons issued in said action so brought in the justice's court was served upon defendant in the county of Los Angeles. Thereupon Germain Seed and Plant Company, defendant in said action, appeared specially in said justice's court and moved to quash the service of the summons upon the ground that no facts were made to appear which, under the provisions of section 848 of the Code of Civil Procedure, warranted the service of said summons in a county outside of that in which the action was brought. This motion was denied by the justice's court. Thereupon petitioner brought this proceeding in the superior court of Los Angeles County for the purpose of securing the issuance of a writ of prohibition, commanding said justice's court and Frank A. Farrar, as justice thereof, to desist from proceeding with the trial of said action so pending in said court. Respondent interposed a general demurrer to the petition, which was overruled, and the writ of prohibi-

2. Want of jurisdiction as ground for issuance of writ of prohibition, note, 111 Am. St. Rep. 944.

2. Grounds for refusing writ of prohibition, note, 111 Am. St. Rep. 954.

tion prayed for granted. Defendants appeal from the order so made.

[1] The identical question presented has been before the courts in a number of cases, among which are *Burge* v. *Justice's Court,* 11 Cal. App. 213, [104 Pac. 581], *Simpson* v. *Police Court,* 160 Cal. 530, [117 Pac. 553], and *Hamberger* v. *Police Court,* 12 Cal. App. 153, [106 Pac. 894, 107 Pac. 614], in all of which it was held that, conceding the service of summons insufficient to vest the inferior court with jurisdiction, the defendant's remedy for threatened adverse action was an appeal to the superior court. [2] Mere want of jurisdiction will not justify the issuance of a writ of prohibition. It must be made to appear that the applicant therefor has no plain, speedy, and adequate remedy in the ordinary course of law. (Code Civ. Proc., sec. 1103.) Upon the authority of what is said in the cases cited, we are constrained to hold that the defendant's right of appeal upon questions of both law and fact from an adverse judgment rendered affords a plain, speedy, and adequate remedy, by means whereof it may have the alleged erroneous ruling of the justice reviewed.

The order of the superior court is reversed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 4, 1919, on the authority of *Simpson* v. *Police Court,* 160 Cal. 530, [117 Pac. 553].

All the Justices concurred except Angellotti, C. J., and Olney, J.