[Civ. No. 3367. Second Appellate District, Division Two.—July 19, 1920.]

## SARAH J. WALL, Petitioner, v. SUPERIOR COURT OF RIVERSIDE COUNTY et al., Respondents.

[1] PLEADING—SERVICE OF SUMMONS—SPECIAL APPEARANCE TO QUASH —FILING OF DEMURRER—SUBMISSION TO JURISDICTION.—Where a defendant, at the time of giving notice of his special appearance to quash the service of summons, serves and files a demurrer to the complaint on the ground that the court has no jurisdiction of his person, in that it appears upon the face of the complaint that he is a resident of another state, he submits his person to the jurisdiction of the court, and it is error to quash the service of summons and sustain such demurrer.

[2] ID.—QUASHING OF SERVICE—ERRONEOUS ORDER—APPEAL—CERTIORARI.—In such action, as an appeal would lie from the judgment that might be entered on the demurrer, the plaintiff cannot take advantage of the error of the trial court by *certiorari.*

PROCEEDING in Certiorari to review an order of the Superior Court of Riverside County, and J. W. Curtis,

Judge thereof, quashing a service of summons. Writ discharged.

The facts are stated in the opinion of the court.

D. B. Chapin and W. W. Little for Petitioner.

A. Aird Adair for Respondents.

WELLER, J.—By this proceeding petitioner seeks to review the action of the superior court of Riverside County. On August 19, 1919, a complaint was filed in that court naming John J. Wall as a defendant. [1] Summons was served on defendant Wall personally in Riverside County on April 28, 1920. On May 5, 1920, defendant Wall gave notice of his special appearance for the sole purpose of moving to quash the service of summons, and filed therewith notice of motion to set aside the service of summons on the ground that he was a nonresident of the state of California, and, at the time of the service of summons on him, was but temporarily in this state for the purpose of attending the trial of a civil action to which he was a party. The notice of motion was accompanied by an affidavit setting forth the circumstances of his visit to California, as above indicated. At the same time Wall served and filed a demurrer to the complaint on the ground that the court had no jurisdiction of his person, in that it appeared upon the face of the complaint that he was a resident of the state of Nevada. On May 18th the court, after argument, granted the motion to quash the service of summons and sustained the demurrer to the complaint.

That by filing the demurrer to the complaint defendant Wall submitted his person to the jurisdiction of the court there can be no doubt, and the court erred in its action. (*McDonald* v. *Agnew,* 122 Cal. 448, [55 Pac. 125]; *Olcese* v. *Justice's Court,* 156 Cal. 82, [103 Pac. 317]; *American Law Book Co.* v. *Superior Court,* 164 Cal. 327, [128 Pac. 921].) [2] But petitioner cannot take advantage of this error by *certiorari,* for an adequate remedy exists aside from this proceeding. Judgment might have been entered on the demurrer, and an appeal would lie from such judgment.

Writ discharged.

Finlayson, P. J., and Thomas, J., concurred.