[Civ. No. 5672.   First Appellate District, Division One.—June 28, 1926.]

CHARLES V. WOOD, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

[1] JUSTICE'S COURT—JUDGMENT—DEFAULT—APPEAL.—An appeal from a default judgment in the justice's court raises questions of law alone, and there is no right to a separate appeal from an order

---

1. See 15 Cal. Jur. 515.

of the justice's court refusing to set aside the default after judgment has been entered.

[2] ID.—APPEAL ON QUESTION OF LAW ALONE—ABSENCE OF STATEMENT OF CASE—ORDERS AFTER ENTRY OF JUDGMENT—JURISDICTION TO REVIEW.—When a party appeals from a judgment of the justice's court on a question of law alone without a statement of the case, the superior court is without jurisdiction to review orders made after the entry of the judgment.

(1) 11 C. J., p. 195, n. 70; 35 C. J., p. 731, n. 50, p. 844, n. 94. (2) 35 C. J., p. 789, n. 29.

PROCEEDING in Certiorari to review an order of the Superior Court of Alameda County reversing order of the Justice's Court made after final judgment.   J. D. Murphey, Judge.   Order annulled.

The facts are stated in the opinion of the court.

Hill & Mays and E. Coke Hill for Petitioner.

Richard Liebman and Stanley R. Sterne for Respondent.

NOURSE, J.—This is an original proceeding in *certiorari* to review an order of the respondent court which reversed an order of the justice's court made after final judgment, which denied a motion to set aside a default of one of the defendants.   The proceeding in the justice's court was an action for damages for personal injuries in which petitioner herein was plaintiff.   The default of the defendant Campana was duly entered upon his failure to appear after service of process and judgment was thereafter duly entered against him.   Notice of judgment was served upon him in accordance with the requirements of the code and more than ten days thereafter he served and filed his notice of motion to set aside the judgment as to him.   This motion was denied and thereafter that defendant served and filed his notice of appeal from the default judgment and from the order of the court denying his motion to set aside his default.   This notice of appeal recited that the appeal was taken on questions of both law and fact and it was not accompanied by any statement of the case.

2.  See 15 Cal. Jur. 538.

On the hearing of the appeal in the Superior Court the petitioner herein objected to a trial of the case *de novo* upon the following grounds: That the appeal from the judgment being one from a default judgment was necessarily an appeal upon questions of law alone; that the appeal from the order denying the motion to set aside the defendant's default was not authorized by the code and the Superior Court was, therefore, without jurisdiction to hear it; that no statement of the case having been filed, the only question before the court was one of law upon the face of the judgment alone, and that accordingly the Superior Court was without jurisdiction to review any order made after the judgment. The Superior Court apparently held with the petitioner on the first two objections urged, but overruling him as to the last, proceeded to hear the case *de novo* on the question of the discretion of the justice's court in denying the motion to set aside the default. Evidence was taken on this subject the same as if the matter was one arising originally in the Superior Court and addressed to the discretion of that court. Following the hearing the Superior Court ruled that the justice of the peace had improperly exercised his discretion in refusing to set aside the default and that the order should have been granted. Judgment followed reversing the order of the justice of the peace and directing him to set aside the default.

On this proceeding the only question before us is the jurisdiction of the Superior Court to enter the order complained of. [1] It is apparently conceded, as it must be, that an appeal from a default judgment in the justice's court raises questions of law alone (*Lugo* v. *Superior Court*, 55 Cal. App. 561 [203 Pac. 812]); and that there is no right to a separate appeal from an order of the justice's court refusing to set aside the default after judgment has been entered. (Sec. 974, Code Civ. Proc.)

[2] The only question remaining is whether when a party appeals from a judgment of the justice's court on a question of law alone without a statement of the case he may have a review of orders made after the entry of the judgment. Concededly the only power of the Superior Court to review such orders is found in section 980 of the Code of Civil Procedure. The section reads in part: ''Upon an appeal heard *upon a statement of the case* the superior

court may review all orders affecting the judgment appealed from, and may set aside . . . proceedings subsequent to . . . such judgment.'' (Emphasis ours.) It will be noted that this right of review of orders made subsequent to the judgment is dependent upon a statement of the case and it is only when an appeal is presented in that manner that a review of orders made subsequent to the judgment can be had. Such was the ruling of the supreme court in *Wells* v. *Torrence,* 119 Cal. 437, 441 [51 Pac. 626], and such is the unmistakable meaning of the code section cited. For this reason we are satisfied that the respondent court was without jurisdiction to hear and determine any question affecting orders made after the final judgment in the justice's court because the appeal to the respondent court was not heard upon a statement of the case.

Order annulled.

Langdon, P. J., and Sturtevant, J., concurred.