[Civ. No. 5455.  Second Appellate District, Division Two.—November 23, 1926.]

WESTINGHOUSE ELECTRIC & MANUFACTURING CO. (a Corporation), Petitioner, v. THE JUSTICE'S COURT OF CORCORAN TOWNSHIP, etc., et al., Respondents.

[1] PROHIBITION — JUSTICE'S COURT — IMPROPER SERVICE OF SUMMONS OUTSIDE OF COUNTY — JURISDICTION. — Prohibition will lie to restrain the justice's court from exercising jurisdiction over the person of the petitioner (the defendant in the justice's court action), where the summons in the action is attempted to be served outside of the county where the action is commenced, and the action is not one falling within any of the exceptions noted in section 848 of the Code of Civil Procedure, and the defendant's motion to quash service of summons on the ground that the service was void under said section is denied by the justice's court.

[2] ID.—SUBJECT MATTER OF ACTION—LACK OF JURISDICTION—APPEAL. Where the lack of jurisdiction is as to the subject matter of the action, prohibition will not lie, for the reason that there is an adequate remedy at law by an appeal.

(1) 35 C. J., p. 577, n. 43; 32 Cyc., p. 605, n. 37.  (2) 32 Cyc., p. 605, n. 37, 39, p. 614, n. 2.

PROCEEDING in Prohibition to restrain Justice's Court from proceeding in an action.  Writ granted.

The facts are stated in the opinion of the court.

Bordwell, Mathews & Wadsworth and Livingston & Livingston for Appellant.

No appearance for Respondents.

THOMPSON, J.—This action is submitted upon the petition for the writ of prohibition and the brief in behalf of petitioner, there having been no appearance for the respondent.  From the petition it appears that an action was commenced in the respondent court by Otto E. Koepke and Harry Koepke, copartners doing business under the name

2.  See 21 Cal. Jur. 587.

and style of Corcoran Electric Company, against the petitioner herein to recover the sum of $299.99 as damages. And it also appears that the summons in the action was attempted to be served upon Carl Heise, in the city and county of San Francisco, he being the designated agent and person upon whom process might be served, and that the action is not one falling within any of the exceptions noted in section 848 of the Code of Civil Procedure wherein the summons may be served outside of the county in which the court is situated. The petition further recites that a motion was made to quash the service of summons on the ground that the same was void under that section, but that petitioner's motion was denied and the Justice's Court of Corcoran Township, County of Kings, will, unless prohibited, proceed in the action.

[1] Under this state of facts the service of summons outside of Kings County was void, so that the sole question presented here is as to whether or not prohibition will lie to restrain the Justice's Court from exercising jurisdiction over the person of the petitioner, when in fact jurisdiction has not been legally acquired.

[2] We think it is the rule that where the lack of jurisdiction is as to the subject matter of the action, prohibition will not lie, for the reason that there is an adequate remedy at law by an appeal. To that effect are *Hamberger* v. *Police Court,* 12 Cal. App. 153 [106 Pac. 894, 107 Pac. 614], and *Simpson* v. *Police Court,* 160 Cal. 530 [117 Pac. 553].

In the case of *Burge* v. *Justice's Court,* 11 Cal. App. 314 [104 Pac. 581], service of the summons was outside of the county, but no motion was made in the Justice's Court to quash the service of summons, which differentiates that case from the present one.

In *McDonald* v. *Agnew,* 122 Cal. 448 [55 Pac. 125], while there is language used therein indicating that the defendant has an adequate remedy at law by an appeal, nevertheless the real ground of the decision in that case is that the defendant demurred to the complaint after his motion to quash was denied, and, by demurring, submitted himself to the jurisdiction of the court. Therefore *McDonald* v. *Agnew* is of no assistance.

*Germain Seed Co.* v. *Justice's Court,* 41 Cal. App. 397 [182 Pac. 784], basing its opinion upon the cases mentioned

herein, holds that mere want of jurisdiction will not justify the issuance of a writ of prohibition. As we have seen, however, these cases are not authority for that proposition where the lack of jurisdiction is of the person of the defendant.

As was said in *McDonald* v. *Agnew, supra,* and reaffirmed in *Remsberg* v. *Hackney Mfg. Co.,* 174 Cal. 799 [164 Pac. 792], if a demurrer or answer is interposed by the defendant, he submits himself to the jurisdiction and can no longer complain of the lack of jurisdiction. If, on the other hand, he does not submit to the jurisdiction, but permits judgment to go against him by default, he is precluded from appealing on the merits of the case, he having been foreclosed of his right to a trial *de novo* by his default. (*Lugo* v. *Superior Court,* 55 Cal. App. 561 [203 Pac. 812]; *Wood* v. *Superior Court,* 78 Cal. App. 551 [248 Pac. 784].)

It is apparent, therefore, if prohibition will not lie in this case the petitioner here must waive either the lack of jurisdiction and submit to the jurisdiction of the court, or stand upon the defense of lack of jurisdiction and waive the defense on the merits. We do not think that the rule requires the petitioner to do either. We have examined the record in the case of *Germain Seed Co.* v. *Justice's Court, supra,* and find that the distinction between lack of jurisdiction of the subject matter and lack of jurisdiction of the person was not called to the attention of the court, and we feel constrained to hold that where, as here, lack of jurisdiction is as to the person, prohibition will lie.

Peremptory writ will issue.

Works, P. J., and Craig, J., concurred.