[Civ. No. 5634. Second Appellate District, Division One.—April 13, 1927.]

ROZELLIA O. BUTLER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] APPEAL—NOTICE—FAILURE TO PERFECT—CERTIORARI.—Where the plaintiff in a divorce action gives notice of appeal from an order of the trial court dismissing the action, but through some mistake or inadvertence she fails to perfect that appeal within the time allowed by law, said plaintiff is not entitled to a writ of review.

[2] ID.—GROUNDS FOR DISMISSAL—JURISDICTION—MANDAMUS.—Where the motion for dismissal in said action was based upon various

---

1. See 4 Cal. Jur. 1055; 5 R. C. L. 257.

2. Existence of other remedy as bar to *certiorari,* note, 40 Am. St. Rep. 30. See, also, 4 Cal. Jur. 1052; 5 R. C. L. 256.

grounds other than a want of jurisdiction, and the order for dismissal was apparently based upon such various grounds, plaintiff's only remedy against erroneous dismissal of the action was by appeal; and the validity of the judgment of dismissal cannot be tested by a writ of review, neither can the trial court be required by writ of mandate to proceed with the action.

(1) 11 C. J., p. 117, n. 7.    (2) 38 C. J., p. 565, n. 24.

APPLICATION for a Writ of Certiorari and a Writ of Mandamus to compel the Superior Court of Los Angeles County, and Frank C. Collier, Judge thereof, to proceed in a divorce action. Denied.

The facts are stated in the opinion of the court.

William J. Clark for Petitioner.

No appearance for Respondent.

CONREY, P. J.—This is an application "for a writ of review and a writ of *mandamus*," and particularly, to compel the court to proceed in an action of divorce wherein the court has made an order dismissing the action.

[1] It would appear that the petitioner is not entitled to a writ of review, since she had a right of appeal. The petition shows that she did give notice of appeal, but that through some mistake or inadvertence she failed to perfect that appeal within the time allowed by law. I fail to discover anything in the cases cited in petitioner's memorandum of authorities, sufficient to sustain Mr. Clark's claim that in such cases as this a writ of review will be granted after the right of appeal has been thus lost. The decisions are definitely to the effect that in any case where the law gives the right of appeal from the order sought to be reviewed, a writ of review will not issue. The case of *Golden Gate Tile Co.* v. *Superior Court*, 159 Cal. 474 [114 Pac. 978], which seems to be the leading authority relied upon by petitioner, was a case originating in a justice's court, wherein, of course, there was no right of appeal from the judgment rendered by the superior court dismissing the appeal of the cause to that court.

[2] I am also inclined to the opinion that a writ of mandate should not issue in this case. It is true that in a certain line of cases where courts have dismissed actions and have declined to proceed with the trial thereof, and where the ground of such ruling by the court was that the court did not have jurisdiction of the action or appeal, and where the higher court determined that the lower court did have such jurisdiction, the writ of mandate has issued to compel the court to resume its jurisdiction and proceed with the action on its merits.

I am not at all sure that the petition herein shows that the superior court in dismissing the action of *Butler* v. *Butler* was proceeding upon the theory or ground that the court was without jurisdiction in the action. Apparently, the dismissal was based, as was the motion for dismissal, upon various grounds other than a want of jurisdiction. This being so, plaintiff's only remedy against erroneous dismissal of the action was the remedy by appeal. The judgment of dismissal stands as a judgment rendered within the exercise of the jurisdiction of the court, and since its validity cannot be tested by a writ of review, neither can the court be required by writ of mandate to proceed with the action— a proceeding which would be in conflict with its order of dismissal.

The petition is denied.

Houser, J., and York, J., concurred.