[Civ. No. 5868. Second Appellate District, Division One.—February 21, 1928.]

LUMAS FILM CORPORATION (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Mitchell, Silberberg & Davis for Petitioner.

Everett W. Mattoon, County Counsel, C. B. Penn and Melvin T. Dunlavy for Respondent.

HOUSER, J.—The facts in this matter appear to be that the petitioner herein is a foreign corporation; that in an action brought against it in this state an alleged service of summons was made in accordance with the provisions of subdivision 2 of section 411 of the Code of Civil Procedure; that thereupon the defendant made a motion to quash the service of summons, which resulted in the denial of said motion. Thereafter petitioner presented to this court its petition for a writ of prohibition to be directed to the lower court, restraining it from taking further proceedings in the action. An alternative writ was issued. On the principal ground that the petition does not state facts sufficient to entitle petitioner to the writ for which it prays, respondent has demurred to the petition.

In the lower court the motion to quash service of summons was heard on affidavits introduced by the respective parties appearing before the court. The gist of the question presented to such court was whether jurisdiction of the person of the defendant had been acquired. On the part of the moving party, the facts as set forth in the affidavits upon which it relied tended to establish that the corporation was not "doing business" in this state at the time it was served with the summons in the action; nor was the person upon whom the alleged service was had the or any officer denomi-

nated in the statute as the proper person upon whom to serve such process. On the other hand, by affidavits introduced in its behalf, the respondent to such motion presented facts which showed to the contrary of the conclusions sought to be established by the moving party in the matter before the court. It thus becomes evident that in deciding the ultimate question of jurisdiction, the lower court was basing its conclusion upon the implied finding of facts, to wit: that at the time the action was commenced the defendant was "doing business" in this state, and that the service of process was properly had upon a person designated by the statute. In such circumstances it is also manifest that the granting by this court of the peremptory writ of prohibition necessarily would involve on its part an examination of the evidence adduced in the lower court solely with a view to a determination by this court of the correctness of the conclusion as to matters of fact reached by the lower court on evidence properly before it. No direct authority for such procedure has been produced by petitioner; nor is this court aware of the existence of any authority which would indicate that such a course would be in accordance with settled procedure or correct in principle. On the other hand, the law is thoroughly settled that on appeal, findings of fact made by the trial court on substantial evidence in support thereof are conclusive so far as the appellate tribunals are concerned. This court is advised of no reason why a similar rule should not obtain in a proceeding of the nature of that here involved. To hold otherwise, and to reach a conclusion different in any respect from that reached by the trial court, would amount to nothing less than a new trial by this court on the facts, and a substitution of the conclusion by this court thereon for the conclusion with reference to such facts as found by the trial court.

In *Beaulieu Vineyard Co.* v. *Superior Court,* 6 Cal. App. 242 [91 Pac. 1015], it is held that the writ of prohibition lies to prevent a proceeding without or in excess of jurisdiction only; that it is a preventative and not a corrective remedy; and that it will not lie to review the regularity of the proceedings of a court within its jurisdiction, nor to determine the sufficiency of evidence to support its findings, nor any question of mere error in the exercise of jurisdiction.

To the same effect in principle is the case of *Murphy* v. *Superior Court*, 84 Cal. 592 [24 Pac. 310], where it is ruled that where a court has power to determine a jurisdictional fact, its determination cannot be collaterally attacked· upon an application for the writ of prohibition. With the exception that the case of *Dickinson* v. *Zubiate Mining Co.*, 11 Cal. App. 656 [106 Pac. 123] was heard on appeal, in its material facts it closely resembles the instant case. It was there held that where, on a motion to quash the service of summons, the court acted on conflicting evidence, its conclusion ·could not be disturbed by the appellate court.

In the case of *Mines D'Or de Quartz Mountain Société, etc.*, v. *Superior Court*, 91 Cal. 101 [27 Pac. 532], in principle the rule is laid down that the question of whether a court has acquired jurisdiction of the person of a defendant is primarily for the determination of such court, and that its decision thereon cannot be reviewed through the medium of the writ of prohibition. The syllabus therein is as follows: "Where a court has jurisdiction of the subject-matter of an action, and has ordered that the summons be served upon the defendants by publication, the question as to whether it acquires jurisdiction over the defendants so served is one which the court has authority to pass upon, and a writ of prohibition will not lie to restrain the court from further proceeding in the action until the defendants should appear or be personally served with the summons, on the alleged ground that the case is not a proper one for the publication of summons."

In *Lange* v. *Superior Court*, 11 Cal. App. 1 [103 Pac. 908], a writ of prohibition was prayed for the purpose of restraining the execution of a judgment for contempt for the violation of an injunction. The ground upon which the writ was asked was that jurisdiction in the lower court was lacking in that the complaint in the action was defective and because of failure of proof of the violation of the injunction. In denying the peremptory writ, in part the court said:

"Jurisdiction is 'authority to hear and determine a cause. Since jurisdiction is the power to hear and determine, it does not depend upon the regularity of the exercise of that

power or upon the rightfulness of the decision there made.' (17 Am. & Eng. Ency. of Law, p. 1041.) . . .

"It is equally well settled that a wrong decision by a court as to the sufficiency of the evidence to support a finding cannot be questioned in this proceeding. (*Beaulieu Vineyard Co.* v. *Superior Court*, 6 Cal. App. 250 [91 Pac. 1015]; *Wreden* v. *Superior Court*, 55 Cal. 504.)"

The rule that prohibition will not lie where the determination of the question of jurisdiction of the lower court properly depends on a finding of fact by such court is aptly stated in 22 Ruling Case Law, page 12, as follows: " . . . if the court has jurisdiction of the subject matter, and the determination of the question as to jurisdiction of the person *depends on contested facts which the inferior tribunal is competent to inquire into and determine,* prohibition will not be granted though the court should be of the opinion that the questions of fact have been wrongly determined by the court below, and, if rightly determined, would have ousted the jurisdiction. (*In re Alix*, 166 U. S. 136 [41 L. Ed. 948, 17 Sup. Ct. Rep. 522]; *Ex parte Oklahoma*, 220 U. S. 191 [55 L. Ed. 431, 31 Sup. Ct. Rep. 426]; *Finley* v. *Moose*, 74 Ark. 217 [109 Am. St. Rep. 79, 85 S. W. 238]; *Pennsylvania R. Co.* v. *Rogers*, 52 W. Va. 450 [62 L. R. A. 178, 44 S. E. 300].)"

The following statement of the law occurs in 21 California Jurisprudence, page 580: "The writ is never employed as a means of correcting errors of inferior tribunals, even though objection thereto is based upon jurisdictional grounds."

In the case of *County of Sutter* v. *Superior Court*, 188 Cal. 292, 296 [204 Pac. 849], it is said: "If an order made as an incident in the progress of a case involves the question of jurisdiction, prohibition cannot be invoked to annul the order or stop proceedings under it. 'If that were so, then in every ordinary civil action, whenever a defendant chose to raise a point of jurisdiction, either of the person or of the subject matter, he could by prohibition stop the ordinary progress of the action toward a judgment until this court had passed upon the intermediate question; and thus this tribunal would, in innumerable cases, be converted

from an appellate to a *nisi prius* court.' (*Agassiz* v. *Superior Court,* 90 Cal. 103 [27 Pac. 50].)''

█ Section 1103 of the Code of Civil Procedure provides in effect that the writ of prohibition may properly issue in those cases only where the aggrieved party has no plain, speedy, and adequate remedy in the ordinary course of law.

In the case of *Mines D'Or de Quartz Mountain Société, etc.,* v. *Superior Court,* 91 Cal. 101 [27 Pac. 532], *supra,* it appears that the trial court made an order in an action directing that the summons therein be served on the defendants by publication thereof. Thereafter the defendants appeared specially and moved to vacate such order on the ground that the action was *"in personam"* and therefore not one in which summons by publication was authorized. The motion was denied. The defendants again entered a special appearance in the action and moved for an order staying all proceedings therein until such time as they should, enter their general appearance. Such motion also having been denied, the defendants petitioned the supreme court for a writ of prohibition commanding the Superior Court to desist from further proceeding in the action until petitioners should either enter a general appearance therein, or were personally served with summons in the action. In denying the writ the supreme court declared that it was neither necessary nor proper for it to determine whether the action in the Superior Court was one in which summons might be legally served by publication, and added the following: " . . . That court has jurisdiction of the subject matter of the action, and whether it has obtained jurisdiction over the persons of petitioners is a question which (it) must determine for itself before entering judgment in the action, and which it has the same authority to pass upon as any other question of law or fact which might arise during its progress; and if, in the decision, error shall be committed to the prejudice of petitioners, the law affords them a plain, speedy, and adequate remedy by an appeal from any judgment which may be entered against them. (*Agassiz* v. *Superior Court,* 90 Cal. 101 [27 Pac. 49], and cases cited.)''

In the case of *Germain Seed etc. Co.* v. *Justice's Court,* 41 Cal. App. 397 [182 Pac. 784], it is held in effect that the

right of appeal given by the law on the denial of a motion to quash the service of summons affords a plain, speedy, and adequate remedy, and consequently that prohibition will not lie; citing *Burge* v. *Justice's Court,* 11 Cal. App. 213 [104 Pac. 581]; *Simpson* v. *Police Court,* 160 Cal. 530 [117 Pac. 553]; *Hamberger* v. *Police Court,* 12 Cal. App. 153 [106 Pac. 894, 107 Pac. 614]. To the same effect is *McDonald* v. *Agnew,* 122 Cal. 448 [55 Pac. 125].

From all the authorities hereinbefore cited, it follows that the demurrer to the petition should be sustained and that the alternative writ issued herein should be discharged. So ordered.

Conrey, P. J., and York, J., concurred.