[Civ. No. 7377. Second Appellate District, Division Two.—June 17, 1930.]

KATE A. BULLARD, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

William Ellis Lady for Petitioner.

No appearance for Respondents.

GATES, J., *pro tem.*—Responsive to an application for a writ of prohibition and for a writ of review, this court heretofore ordered to issue its alternative writ of prohibition. It appears that on or before the twenty-sixth day of July, 1929, Jennie Rosenberg instituted in the respondent court a certain action in which she is plaintiff and petitioner is defendant. In the action Mrs. Rosenberg seeks to obtain a judgment against petitioner for the sum of $110,690 and certain other and further relief. On or about July 26th a summons was issued on the complaint and directed to the petitioner herein, and thereafter a writ of attachment was issued and levied against her property in California. On December 2, 1929, the respondent court by one of its judges, Honorable Leon R. Yankwich, made an order for publication of summons upon the petitioner, who is a resident of Iowa. The order of publication recites, among other things, the following: "Upon reading and filing of the affidavit of A. E. Coppleman, and it satisfactorily appearing therefrom to me that the defendant Kate Bullard resides out of this state. . . . " The affidavit upon which this order for publication of summons is based shows thereon the following indorsement and file-mark: "Filed 1929, Dec. 4, p. m. 2 46 L. E. Lampton, Co. Clerk, B. N. Hollister, Deputy." On December 7, 1929, petitioner was served in the state of Iowa with a copy of the summons and complaint. On March 20, 1930, summons and proof of service were filed with the clerk of

the superior court, respondent herein. On April 19, 1930, Honorable Marshall F. McComb, one of the judges of the superior court, made an order entering the default of petitioner here for her failure to answer the summons and complaint. Thereafter, on April 19, the superior court made and entered judgment against petitioner in the sum of $65,350 and costs. This judgment has not been vacated or set aside. On April 29, 1930, petitioner prepared and served upon counsel for Mrs. Rosenberg a notice of motion to quash the service of summons. On May 2d the motion to quash came on regularly for hearing before the Honorable Myron Westover, a judge of the respondent court, and was denied.

Petitioner claims that she is not indebted to Mrs. Rosenberg in any sum, and that the superior court action is not brought in good faith. She further avers that unless the judgment is annulled Mrs. Rosenberg will cause an execution to be issued on the judgment, and petitioner will suffer irreparable damage.

The sole contention here is that the order of publication of summons is void and of no effect for the reason that there was nothing officially before the superior court; nor did the court have any judicial knowledge of the fact that petitioner here was not a resident of the state of California when the order of publication was granted. Petitioner bases her contention upon the theory that the only proper means of knowledge of the judge or the court was by the filing of an affidavit to that effect; that no such affidavit was filed until two days after the making of the order for publication, and that before an order of publication of summons can be made, there must be on file in the clerk's office, an affidavit stating the facts provided for by section 412 of the Code of Civil Procedure.

Before considering petitioner's contention it may be well to ascertain if she is pursuing the appropriate remedy. It is quite clear that this is not a proper matter in which to grant a writ of review, for the reason that petitioner has a plain, speedy and adequate remedy by appeal in the ordinary course of law. It was held in *Mayer* v. *Superior Court*, 84 Cal. App. 265 [257 Pac. 893], which was a proceeding for a writ of *certiorari* to review an order of the superior court denying a motion to vacate an order

for publication of summons where no proper showing was made as a basis for the order—that any alleged error of the superior court could be reviewed on appeal from any adverse judgment which may be rendered upon trial, even though a judgment by default be entered, citing *Columbia Screw Co.* v. *Warner Lock Co.*, 138 Cal. 445 [71 Pac. 498], and *Lima* v. *Lima*, 26 Cal. App. 1 [147 Pac. 233]. In the instant case if the superior court has erred in denying petitioner's motion to quash the summons she can have the alleged error reviewed on appeal from any adverse judgment rendered. It is well settled that where a person has a right of appeal and such error can be corrected on appeal, no writ of review lies. (*Stoddard* v. *Superior Court*, 108 Cal. 303 [41 Pac. 278]; *Butler* v. *Superior Court*, 82 Cal. App. 322 [255 Pac. 548]; *Martin* v. *Miller*, 65 Cal. App. 581 [224 Pac. 783].)

Nor is a writ of prohibition proper where there are not sufficient facts alleged to show that the petitioner has not a plain, speedy and adequate remedy in the ordinary course of law. (Code Civ. Proc., sec. 1103.) It is well settled that where the defendant's motion to quash the service of summons is denied, the right of appeal from an adverse judgment thereafter rendered affords a plain, speedy and adequate remedy to have any erroneous ruling of the court reviewed, and that a writ of prohibition is not proper. (*Germain Seed etc. Co.* v. *Justice's Court*, 41 Cal. App. 397 [182 Pac. 784]; *Burge* v. *Justice's Court*, 11 Cal. App. 213 [104 Pac. 581]; *Simpson* v. *Police Court*, 160 Cal. 530 [117 Pac. 553]; *McDonald* v. *Agnew*, 122 Cal. 448 [55 Pac. 125].) In *Mines d'Or de Quartz Mountain Société, etc.*, v. *Superior Court*, 91 Cal. 101 [27 Pac. 532], a matter wherein the lower court made an order in an action directing that the summons therein be served upon defendant by publication thereof, the Supreme Court said: "That court has jurisdiction of the subject matter of the action, and whether it has obtained jurisdiction over the persons of petitioners is a question which it must determine for itself before entering judgment in the action, and which it has the same authority to pass upon as any other question of law or fact which may arise during its progress; and if, in the decision, error shall be committed to the prejudice of petitioners, the law affords them a plain, speedy and adequate remedy by an

appeal from any judgment which may be entered against them. (*Agassiz* v. *Superior Court*, 90 Cal. 101 [27 Pac. 49], and cases cited.)" See *Lumas Film Corp.* v. *Superior Court*, 89 Cal. App. 384 [264 Pac. 792], where cases upon the above principle are collated and discussed.

The case of *Knox* v. *Superior Court*, 100 Cal. App. 452 [280 Pac. 375], cited by petitioner, is not in point for the reason that the court in that case was dealing with a different situation than the one now before us. .

■ As to petitioner's point that the order of publication is invalid, it may be said that the order of publication recites that it was granted "upon the reading and filing of the affidavit of A. E. Coppleman." Therefore it must be presumed, in the absence of anything to the contrary, that the court both read and filed the affidavit before making the order of publication. There are no facts alleged nor shown as to why the affidavit bore filing marks of a date two days subsequent to the making of the order of publication.

■ Section 412 of the Code of Civil Procedure provides: "Where the person on whom service is to be made resides out of the state . . . and the fact appears by affidavit to the satisfaction of the court, or a judge thereof . . . such court or judge may make an order that the service be made by the publication of summons." The section nowhere provides that such affidavit must be filed before the making of the order by the court. The Supreme Court of South Dakota, in *Allen* v. *Richardson*, 16 S. D. 390 [92 N. W. 1075], held that under Compiled Laws, section 4900, subdivision 5, which reads: "and that fact appears by affidavit to the satisfaction of the court, or a judge thereof"—wording identical with that contained in section 412, *supra*—making no other requirement as to filing except that, where publication of summons is made, the complaint must be first filed, failure to file the affidavit and order for publication until the time for taking judgment is immaterial. The filing of the affidavit before the issuance of the order of publication, under section 412 of the Code of Civil Procedure, is not, by the section mentioned or any other section, made jurisdictional. A similar view was taken by the District Court of Appeal in *Zumbusch* v. *Superior Court*, 21 Cal. App. 76 [130 Pac. 1070], which was a proceeding

for a writ of *mandamus* to compel the hearing of a cause in which the publication of summons was ordered and the court had declined to hear the matter for the reason that no affidavit for publication of summons was on file at the time the matter was set down for hearing. The court in that case, speaking through Presiding Justice Allen, said: "We are of the opinion, then, that the affidavit presented before the issuance of the order being admittedly sufficient, the court possessed the right to make the order for publication, and that proof of compliance therewith conferred jurisdiction over the person of the defendant, even though such affidavit was not placed on file until the day when the action was called for trial. . . . "

Peremptory writ of prohibition denied. Writ of review denied.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 16, 1930, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 11, 1930.