## *In re* ALIX, Petitioner.

ORIGINAL.

No. 15. Original. Argued March 1, 1897. — Decided March 15, 1897.

Applying to the facts as stated in the opinion of the court the settled rules in reference to writs of prohibition laid down in *In re Rice*, 155 U. S. 396, 402, it is *held* that a proper case is not made for awarding such a writ.

THE case is stated in the opinion.

*Mr. Horace L. Cheney* (with whom was *Mr. John F. Lewis* on the brief) for petitioner.

*Mr. Curtis Tilton* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

John L. Mills filed his libel in the District Court of the United States for the District of New Jersey on the fourteenth day of September, A.D. 1896, against the steamer Allegheny and her cargo to recover salvage, and such proceedings were thereafter had thereon as resulted in a decree in favor of the libellant, December 2, 1896. An order for the sale of the steamer and cargo was entered December 15; a motion to vacate this order was made on behalf of Gustave Alix, master of the Belgian steamer Caucase, which was denied December 21; the sale took place December 22, and was confirmed December 30, 1896.

On December 26, 1896, Alix filed a petition of intervention in said cause, alleging that he had filed a libel in admiralty against the Allegheny, October 22, 1894, in the District Court of the United States for the District of Delaware; that the steamer had been attached by the marshal of that district in December of that year; and that the District Court for the District of New Jersey had no jurisdiction.

All the material allegations of the petition of intervention were denied by the answer thereto, and issues of fact were raised on which the question of jurisdiction depended.

Thereupon, on January 11, 1897, a petition or suggestion was filed by Alix in this court, seeking the issue of a writ of prohibition to the judge of the District Court for the District of New Jersey to restrain him from enforcing any of the orders or decrees by him theretofore made in the suit of said Mills, or proceeding further therein. A rule to show cause was granted, to which return has been duly made.

The settled rules in reference to the writ of prohibition were thus laid down in *In re Rice, Petitioner*, 155 U. S. 396, 402: "Where it appears that the court whose action is sought to be prohibited had clearly no jurisdiction of the cause originally, or of some collateral matter arising therein, a party who has objected to the jurisdiction at the outset and has no other remedy is entitled to a writ of prohibition as a matter of right. But where there is another legal remedy by appeal or otherwise, or where the question of the jurisdiction of the court is doubtful, or depends on facts which are not made

matter of record, or where the application is made by a stranger, the granting or refusal of the writ is discretionary. Nor is the granting of the writ obligatory where the case has gone to sentence, and the want of jurisdiction does not appear upon the face of the proceedings. *Smith* v. *Whitney*, 116 U. S. 167, 173; *In re Cooper*, 143 U. S. 472, 495."

Tested by these rules, we are clear that a proper case is not made for awarding the writ of prohibition.

*Writ denied.*