ELSIE F. HICKMAN V. LEROY H. RYAN, SR., a Justice of the Peace in and for Sussex County.

(*July* 18, 1946.)

TERRY, J., sitting.

*Howard Bramhall* for the petitioner.

*Daniel J. Layton, Jr.,* for the respondent.

Superior Court for Sussex County, February Term, 1946.

TERRY, J.

The petitioner herein seeks a writ of prohibition to compel the respondent, Leroy H. Ryan, Sr., a Justice of the Peace in and for Sussex County, to refrain from proceeding with an action brought before him against the petitioner under Paragraph 4560 of the *Revised Code of Delaware* 1935 relating to forcible detainer.

A rule to show cause was directed, and, since no return or answer has been filed, the case comes before me on a motion to dismiss the petition. All material and well pleaded averments are admitted. *Knight v. Haley,* 6 *W. W. Harr.* 366, 176 *A.* 461; 50 *C. J.* 705; 22 *R. C. L.,* 31.

The statement of the cause of action as filed before the Justice of the Peace is as follows:

"Edward S. Hickman, plaintiff, v. Elsie F. Hickman, defendant. The plaintiff, Edward S. Hickman, was formerly the husband of the defendant, having been granted á final decree in divorce on the 8th day of November, 1944 by the Second Judicial District Court of the State of Nevada in and for the County of Washoe.

"That the plaintiff up until October, 1938 was in peaceful possession of a certain house and lot in Ocean View, Bal-

timore Hundred, Sussex County, Delaware, on the east side of a road leading from Ocean View to Cedar Neck.

"That in October, 1938, the exact date being unknown to the plaintiff, the defendant, Elsie F. Hickman, entered into the same and having deprived him of the possession thereof detains possession of said house and lot unlawfully and with force. Whereof the said plaintiff brings this action.

"(Signed) Edward S. Hickman"

The petitioner challenges the jurisdiction of the respondent upon two grounds. (1) That the divorce proceeding by the plaintiff in the State of Nevada is illegal and void and a fraud on this Court. (2) That under the provisions of Paragraph 4560 a writ of summons shall not issue upon a complaint of forcible detainer merely after the tenant has been in "continued possession" of the premises for two years.

The first contention involves a matter de hors the record and cannot be considered. *Knight v. Haley, supra; Ex parte Alix,* 166 *U. S.* 136, 17 *S. Ct.* 522, 41 *L. Ed.* 948; 42 *Am. Jur.,* 143, *Sec.* 7; 50 *C. J.* 657; *Oldroyd v. McCrea,* 65 *Utah* 142, 235 *P.* 580, 40 *A. L. R.* 230, 235; *Re Huguley Mfg. Co.,* 184 *U. S.* 297, 22 *S. Ct.* 455, 46 *L. Ed.* 549, 552; *Re Rice,* 155 *U. S.* 396, 15 *S. Ct.* 149, 39 *L. Ed.* 198.

The second contention involves a proper interpretation of certain language found in Paragraph 4560, supra: But no such "writ shall be issued, * * * upon a complaint of forcible detainer merely, after the tenant has been in continued possession of premises for two years * * *."

It is urged that inasmuch as the action was predicated upon a complaint of forcible detainer merely the Justice was without jurisdiction, for the reason that the plaintiff in his statement of action as filed before the Justice admits

a "continued possession" in the petitioner since October, 1938. The petitioner argues that the word "possession," as employed under Section 4560, supra, should be given its ordinary meaning; that is to say, it is intended to apply to all instances regardless as to whether or not such possession be with the assent of or adverse to the party entitled thereto.

The respondent contends the contrary; that is, that such "possession" must be adverse for a period of two years, else the Justice has jurisdiction.

Section 4560, supra, purports to be a remedial statute obviously enacted to provide for writs of possession in certain cases without the necessity of pursuing the action of ejectment.

It is apparent that the Legislature in enacting Section 4560 had in mind the relationship of landlord and tenant, and unquestionably the "continued possession" referred to therein was intended to mean a complete possession aside from the question as to whether it be under the terms of a lease or adverse to the owner. My difficulty with the petitioner's contention rests with my inability to conclude that she had any possession whatsoever other than that as afforded her under the law growing out of the relationship of husband and wife.

The petitioner's possession from October, 1938 until November 8, 1944, the date of the entry of the final decree in divorce in Nevada, was certainly not that of a tenant, and not such as was contemplated under Section 4560, supra.

The petitioner's possession was that of her husband, which by reason of its nature was not such prior to November 8, 1944 to permit her to avail herself of the provisions of Section 4560, as the same relates to "continued posses-

sion" of more than two years where the action is based upon forcible detainer merely.

For the reasons herein stated the motion of the respondent to dismiss the petition is granted, and an order will be entered accordingly.