BARKER v. UNITED STATES DISTRICT COURT, IN AND FOR SOUTHERN DIST. OF CALIFORNIA, CENTRAL DIVISION et al.

No. 12726.

United States Court of Appeals
Ninth Circuit.

Nov. 27, 1950.

Larwill & Wolfe and Herbert C. Meade, all of Los Angeles, Cal., for petitioner.

Ernest A. Tolin, U. S. Atty., Clyde C. Downing and Bernard B. Laven, Asst. U. S. Attys., all of Los Angeles, Cal., for respondents.

Before STEPHENS, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

Petitioner seeks to invoke the extraordinary remedy of a writ of prohibition to stay the hand of a District Court of the United States in a proceeding now before it. Under the circumstances of this case

we conclude that the writ should not issue. A libel proceeding was brought in the United States District Court 'for the Southern District of California against the ship "Adventure" by the Long Beach Marine Repair Company, a corporation, and pursuant to command of the United States District Court, the ship was attached by the United States Marshal.

While this libel proceeding was pending, petitioner Barker secured judgments in the Municipal Court of Los Angeles County and attempted to levy an attachment on the "Adventure" in order to satisfy said judgments. It is claimed by Barker that the United States marshal had at that time lost custody of the ship because of his failure to retain possession thereof and that the attachment placed thereon by the officer acting under authority from the Municipal Court therefore was effective. It is also asserted that subsequently the officer claiming possession under and by authority of the levy of the attachment issued out of the Municipal Court was unlawfully dispossessed by the United States marshal and that he, said United States marshal, is proceeding with the sale of said vessel under an order of said United States Court. The sale not yet having been confirmed, petitioner seeks to prohibit further compliance with this order.

■ Petitioner, a stranger to the original action in the United States District Court, did not attempt to intervene therein, but appeared specially and objected to the District Court's jurisdiction over the vessel. The United States District Court entertained petitioner's motion and after a hearing denied it. The United States District Court clearly had jurisdiction of this cause originally.

■ Petitioner did not object to the jurisdiction at the outset and it appears that petitioner has other remedies. Such a situation makes the granting or refusal of the writ discretionary with us. The Supreme Court of the United States in the case of In re Rice, 155 U.S. 396, 402, 15

S.Ct. 149, 39 L.Ed. 198, held that an application by a stranger to an action, who has other remedies, does not present a proper case for the awarding of the writ of prohibition. See also, In re Alix, 166 U. S. 136, 17 S.Ct. 522, 41 L.Ed. 948.

■ Petitioner relies on the case of Ex Parte Republic of Peru, 318 U.S. 578, 63 S.Ct. 793, 799, 87 L.Ed. 1014. The instant case differs from the Peru case in that this petition is made by a stranger to this action, and a yielding of the judiciary to the executive branch of the government because of an "overriding principle of substantive law" is not involved. "Mandamus, prohibition and injunction against judges are drastic and extraordinary remedies * * * [and] are reserved for really extraordinary causes." Ex Parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041. Petitioner concedes this rule but insists that his situation is "extraordinary" in that he has no other adequate remedy since the proceeds of the "forced" sale, even if ultimately turned over to him pursuant to Admiralty Rule 42, 28 U.S.C.A., would be substantially less than the amount petitioner could realize on a selective sale. It seems petitioner could have intervened in the proceedings below, as an interested party, to prevent the sale. See Admiralty Rule 34. The complex questions of petitioner's interest in the ship could then have been tried out in that court and the finding, if adverse, could have been appealed. The extraordinary legal remedies cannot be used to circumvent the established procedure for bringing a controversy before an appellate tribunal. Cf. Roche v. Evaporated Milk Ass'n, 1943, 319 U.S. 21, 27-31, 63 S.Ct. 938, 87 L.Ed. 1185. Moreover, petitioner may have an adequate remedy by replevin. We express no opinion thereon but consider that probability in connection with other facts and circumstances of the case in reaching our conclusion not to issue the writ.

Petition denied.