[Civ. No. 3772.   Second Appellate District, Division One.—December 7, 1921.]

M. LUGO, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] JUSTICE'S COURT APPEAL—JUDGMENT BY DEFAULT—JURISDICTION OF SUPERIOR COURT.—Where a judgment upon default has been entered in a justice's court, there can be no appeal on questions of fact, and the appellant cannot extend the scope of the appeal beyond questions of law by designating the appeal as one upon questions of both law and fact.

PROCEEDING in Certiorari to review a judgment on a Justice's Court appeal.   Annulled.

The facts are stated in the opinion of the court.

Robert F. Shippee for Petitioner.

Ralph C. Homan and Benjamin Warmer for Respondents.

CONREY, P. J.—In an action of *M. Lugo, Plaintiff,* v. *Geo. W. Hood et al., Defendants,* in the justice's court of Venice township, in the county of Los Angeles, a judgment by default was entered against the defendants on the second day of February, 1921.   Thereafter, and within due time, the defendants gave notice of appeal on questions of both law and fact, which appeal was duly perfected.   Thereafter the case came on for hearing before the superior court. This is a proceeding to review a judgment entered by the superior court as the result of that hearing.   The judgment recites that the parties appeared before the court by their attorneys, "and no testimony having been given on the part of either plaintiff or defendant, and defendants' Exhibit 'A' having been filed, and the cause having been argued," the court ordered judgment for the defendants.   Thereupon judgment was entered against the plaintiff and in favor of defendants for their costs.

[1] Where a judgment upon default has been entered in a justice's court, there can be no appeal on questions of fact.   The party appealing cannot extend the scope of his appeal beyond questions of law by designating the appeal as one upon questions of both law and fact.   (*People* v.

55 Cal. App.—36

*County Court,* 10 Cal. 19.)  The supreme court has held many times "that a new trial being a re-examination of an issue of fact, there can be no new trial of the cause in the superior court on appeal, unless there has been a trial of issues of fact in the justice's court. . . . We think it clear, therefore, that upon an appeal on questions of law alone, like the one here under review, the superior court can merely pass upon the questions brought before it on the appeal, and has no jurisdiction to try and determine the whole cause as if it had been transferred to that court upon an appeal upon questions of both law and fact." (*Maxson* v. *Superior Court,* 124 Cal. 468, 471 [57 Pac. 379].)  The authority conferred upon the superior court, as set forth in section 980 of the Code of Civil Procedure, authorizes the superior court, on an appeal of this kind, to review the rulings of a justice's court and to remand the cause, with directions to the lower court to proceed in accordance with the decision of the superior court. (*Maxson* v. *Superior Court, supra.*)

The judgment is annulled, with instructions to the superior court to proceed in the case in accordance with this decision.

Shaw, J., and James, J., concurred.