[Civ. No. 4613.  Third Appellate District.—February 23, 1932.]

G. & H. COMMERCIAL SERVICE (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF YUBA, Respondent.

Fred M. Harter for Petitioner.

Charles A. Bliss for Respondent.

THOMPSON (R. L.), J.—This is a proceeding in *certiorari* to review the question of the jurisdiction of the Superior Court of Yuba County in the reversal and entry of a judgment on appeal from a justice's court which was taken upon questions of law alone.

The G. & H. Commercial Service Corporation brought suit against K. and C. Osida, husband and wife, in the Justice's Court of Marysville Township, Yuba County, for the value of merchandise sold and delivered. The issues were duly joined in that court. Upon the trial, over the objection of the defendants, hearsay evidence was adduced. Upon the submission of the cause, judgment was rendered and entered against the defendants. Notice of appeal to the Superior Court of Yuba County from this judgment was duly served and filed. The notice recited that "This appeal is taken on questions of law alone." The appeal to the superior court

was heard upon a settled statement of the case, which assigned the admission of hearsay evidence by the justice's court as error. The case was not tried *de novo* by the superior court. No evidence was adduced upon the hearing in that court. After argument by respective counsel, the superior court rendered and entered a judgment which reads in part:

"It appearing to the court that the said Justice's Court erred *in law* in the matters specified as such errors in said statement of the case, above referred to:

"It is therefore ordered and adjudged that the judgment of said Justice's Court of Marysville Township . . . be and it is hereby reversed and set aside, and that judgment be entered in favor of said defendant."

██ In an appeal upon questions of law alone, which is taken from a judgment rendered in a justice's court, the superior court is without jurisdiction to try the cause *de novo* or to render a judgment on the merits.

In the case of *Lugo* v. *Superior Court*, 55 Cal. App. 561 [203 Pac. 812, 813], it is said: " 'We think it clear . . . that upon an appeal on questions of law alone . . . the superior court can merely pass upon the questions brought before it on the appeal, and has no jurisdiction to try and determine the whole cause as if it had been transferred to that court upon an appeal upon questions of both law and fact.' (*Maxson* v. *Superior Court*, 124 Cal. 468, 471 [57 Pac. 379, 471].) The authority conferred upon the superior court, as set forth in section 980 of the Code of Civil Procedure, authorizes the superior court, on an appeal of this kind, to review the rulings of a justice's court and to *remand the cause*, with directions to the lower court to proceed in accordance with the decision of the superior court."

From the foregoing it follows that the superior court exceeded its authority in the present case. Having determined that the judgment of the justice's court was based upon hearsay and incompetent evidence, the judgment should have been reversed and the cause remanded for a new trial.

The superior court judgment is therefore vacated.

Plummer, J., and Preston, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 24, 1932.