[L. A. No. 14720. In Bank.—October 1, 1934.]

GEORGE SOUR et al., Petitioners, v. SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

J. L. Hofflund for Petitioners.

Liggett & Liggett for Respondents.

SHENK, J.—The following opinion of the District Court of Appeal, Fourth Appellate District, prepared by Mr. Justice Marks, is adopted as the opinion of the court, to wit:

"Petitioners, George and Peter Sour, recovered judgment in the justices' court of San Diego Township, county of San Diego, against Western States Grocery Company, Inc., which appealed to the Superior Court of San Diego County on questions of law alone. Judgment in the justices' court was rendered April 3, 1933, and on October 31, 1933, the following judgment was rendered by the Superior Court: 'It is ordered that the judgment of the trial court

be reversed, and that judgment be entered herein in favor of the defendant Western States Grocery Company, Inc., a corporation. It is further ordered that said defendant recover costs in the trial court and upon the appeal.'

"San Diego township has a population in excess of thirty thousand. At the time the appeal from the justices' court was taken, section 982a of the Code of Civil Procedure provided that appeals from such justices' courts 'shall be taken, heard and determined as provided in chapter four of this title relating to appeals from municipal courts'. Section 988h of the Code of Civil Procedure provides that on appeal from a municipal court the superior court 'may affirm, reverse or modify any judgment or order appealed from and may direct the proper judgment or order to be entered.'

"Section 982a of the Code of Civil Procedure was repealed on August 20, 1933. Effective the same day, the title of chapter III, title XIII, part II of the Code of Civil Procedure was amended to read 'Appeals from Justices' Courts', with the machinery of appeal and power of the appellate court set forth in that chapter.

"Section 974 of the Code of Civil Procedure provides for appeals to the superior court on questions of law, or fact, or both. Section 980 of the same code provides that 'upon an appeal heard upon a statement of the case [an appeal on questions of law alone], the superior court may review all orders affecting the judgment appealed from, and may set aside, or confirm, or modify any or all of the proceedings subsequent to and dependent upon such judgment, and may, if necessary or proper, order a new trial.'

"The principal question to be decided here is whether the powers of the superior court on appeal from the judgment were defined by section 980 or section 988h of the Code of Civil Procedure. There is no question but that the provisions of section 988h were applicable to appeals from the justices' court of San Diego township at the time the case was tried, judgment given, and the appeal perfected in that court. During the pendency of the appeal, section 982a of the Code of Civil Procedure was repealed. This had the effect of removing section 988h from the code provisions governing appeals from justices' courts. During the same time chapter III, title XIII, part II of the Code of Civil

Procedure was made the law governing appeals from all justices' courts.

"The extent of the order which the superior court could make on appeal is a matter of remedy and procedure. 'When a new statute deals with procedure only, it applies to all actions—those which are pending, and future actions.' (*Heron* v. *Bray,* 122 Cal. App. 79 [9 Pac. (2d) 513].) (See, also, *City of Los Angeles* v. *Oliver,* 102 Cal. App. 299 [283 Pac. 298].)

"We conclude that the power of the superior court to make an order on appeal from a justices' court on October 31, 1933, was defined and limited by the provisions of section 980 of the Code of Civil Procedure. ■ The powers given by this section to the superior courts on an appeal from a justices' court on questions of law alone was considered in the case of *G. & H. Commercial Service* v. *Superior Court,* 121 Cal. App. 191 [8 Pac. (2d) 549], where it was said: 'The appeal to the superior court was heard upon a settled statement of the case, which assigned the admission of hearsay evidence by the justices' court as error. The case was not tried *de novo* by the superior court. No evidence was adduced upon the hearing in that court. After argument by respective counsel, the superior court rendered and entered a judgment which read in part: "It appearing to the court that the said Justices' Court erred *in law* in the matters specified as such errors in said statement of the case, above referred to: It is therefore ordered and adjudged that the judgment of said Justice's Court of Marysville Township . . . be and is hereby reversed and set aside, and that judgment be entered in favor of said defendant."

" 'In an appeal upon questions of law alone, which is taken from a judgment rendered in a justice's court, the superior court is without jurisdiction to try the cause *de novo* or to render a judgment on the merits.

" 'In the case of *Lugo* v. *Superior Court,* 55 Cal. App. 561 [203 Pac. 812, 813], it is said: " 'We think it clear, therefore, that upon an appeal on questions of law alone, like the one here under review, the superior court can merely pass upon the questions brought before it on the appeal, and has no jurisdiction to try and determine the whole cause as if it had been transferred to that court upon an appeal

upon questions of both law and fact.' " ' (*Sherer* v. *Superior Court*, 94 Cal. 354 [29 Pac. 716].)"

From the foregoing it follows that the respondent court exceeded its jurisdiction in ordering judgment to be entered in the superior court upon a reversal of the judgment of the justice's court, and that the respondent court should have proceeded under the authority vested in it by section 980 of the Code of Civil Procedure.

■ It is suggested by the petitioners that the valid and invalid portions of the judgment of the respondent court are severable; that the portion which reverses the judgment of the justice's court is valid and should be affirmed, and that the portion ordering judgment to be entered in the superior court in favor of the defendant grocery company is invalid and should be annulled. (See sec. 1075, Code Civ. Proc.) But acting under section 980 of the Code of Civil Procedure, the respondent court, upon further proceedings on said appeal, may deem it necessary or proper to include therein an order for new trial in the justice's court in the event the judgment be reversed. We think the judgment of the respondent court should be annulled in its entirety.

It is so ordered.

Langdon, J., Curtis, J., Preston, J., and Waste, C. J., concurred.