[Civ. No. 13769. Third Dist. Nov. 8, 1973.]

MEDLOCK DUSTERS, INC., Plaintiff and Respondent, v.
C. BRUNEL CHRISTENSEN, as Director, etc.,
Defendant and Appellant.

## COUNSEL

Evelle J. Younger, Attorney General, Carl Boronkay, Assistant Attorney General, and Denis Smaage, Deputy Attorney General, for Defendant and Appellant.

Torkelson, Nageley & Binns and Robert J. Binns for Plaintiff and Respondent.

## OPINION

**REGAN, J.**—On May 12, 1971, petitioner Medlock Dusters, Inc., a licensed aerial pest control operator, filed, in the Superior Court of Sacramento County, a petition for writ of mandate pursuant to section 1094.5 of the Code of Civil Procedure, seeking to set aside an order of the Director

of the Department of Agriculture, who had suspended petitioner's license for 10 days, to become effective on May 15, 1971.

A summary of the material facts leading to this action is as follows: Petitioner is a commercial aircraft pest control operator holding a pest control operator's license issued by the California Director of Agriculture. On May 2 and May 10, 1970, petitioner committed violations of the Agricultural Code and the California Administrative Code. The violations consisted of exposing field workers to a poisonous spray known as parathion. After an administrative hearing, the director issued a decision on April 7, 1971, suspending the agricultural pest control license of petitioner for 30 days (20 days stayed) to become effective on May 15, 1971.[1]

After petitioner Medlock filed a petition for a writ of mandamus, the superior court issued a stay order to the Director of Agriculture who thereupon filed a general demurrer and answer to the petition which was sustained with leave to amend. After further proceedings, the trial on the merits was set for January 24, 1972. Petitioner then dismissed its writ of mandate by letter on January 21, 1972.[2] During the entire time of the original petition for writ of mandate, the director's decision was stayed.

On March 7, 1972, the director then issued the following order: "The Decision of the Director of Agriculture adopted April 7, 1971, shall become effective on May 15, 1972."

Petitioner thereupon filed, in the Superior Court of Sacramento County, a second writ of mandate attacking the March 7, 1972, order. This latter petition challenged the director's second order as invalid on the ground that the director "ordered its Decision to become effective more than 30 days after it was delivered or mailed to Petitioner."

The superior court ruled as follows: "Section 11519(a) of the California Government Code requires that a decision of the DIRECTOR OF AGRICULTURE OF THE STATE OF CALIFORNIA must become effective no later than 30 days after it is delivered or mailed to a licensee.

"The Order issued by Respondent [director] on March 7, 1972, improperly provides for too long a delay between delivery or mailing and the effective date and can therefore not be amended.

"No stay having been granted in this case, the court declines to remand the case to Respondent [director] for further proceedings since such action by the court would only result in delaying the imposition of the 1-day

---

[1]The director contends this is an active business period for pest control operators.
[2]The director contends this is an inactive period for pest control operators.

[*sic*] suspension for an even longer period than the mandatory 30 days, and the parties having indicated that a ruling on Respondent's [director's] Demurrer would be controlling, judgment should be entered ordering a peremptory writ of mandamus to issue from this court requiring said Respondent [director] to set aside its decision and permanently enjoining said respondent [director] from making said decision effective in the future."

Judgment was entered on July 31, 1972, granting a peremptory writ of mandamus setting aside the director's decision of March 7, 1971, and permanently enjoining the director from making this decision effective in the future.

The director appeals from this judgment, contending:

1. The Director of Agriculture must have the authority to select a date when a minor suspension shall be imposed in order to effectively regulate the seasonal industry of aerial pest control.

2. Even if the superior court was correct in its ruling, it should have remanded the matter to the Director of Agriculture for further proceedings in conformity to its ruling.

This case concerns the interpretation of Government Code section 11519, which provides: "(a) The decision shall become effective 30 days after it is delivered or mailed to respondent unless: A reconsideration is ordered within that time, or the agency itself orders that the decision shall become effective sooner, or a stay of execution is granted.

"(b) A stay of execution may be included in the decision or if not included therein may be granted by the agency at any time before the decision becomes effective. Where an agency has the power to make a probationary or conditional order the stay of execution provided herein may be accompanied by an express condition that respondent comply with specified terms of probation; provided, however, that the terms of probation shall be just and reasonable in the light of the findings and decision.

"(c) If respondent was required to register with any public officer, a notification of any suspension or revocation shall be sent to such officer after the decision has become effective."

In its order overruling demurrer, the court also states: "The Section expressly states that the decision 'shall become effective thirty (30) days after it is delivered or mailed' unless the agency orders a reconsideration within thirty days or the agency itself orders that the decision is to be effective sooner than thirty days, or unless a stay is granted.

"The language used, simply does not give the agency authority to make its own order effective at a date later than thirty days. It is argued that the right to 'grant' a stay gives the agency that authority but it seems to the Court that a stay is something 'granted' at the request of the party being penalized *and not something given at the pleasure of the agency so that it can select an inopportune time for the licensee to be penalized from his point of view.* If the legislature intended to give the agency the authority to set the effective date of its own orders at an indefinite time the orders of the agency would be effective 'at the time fixed therein' unless a stay was granted." (Italics added.)

■ The director contends section 11519 itself is authority for imposing a suspension later than 30 days from the date of mailing the decision. He argues that this follows from the fact the section provides a stay of execution may be included in the decision or if not included therein may be granted by the agency at any time before the decision becomes effective. (Gov. Code, § 11519.) The director argues the words "stay of execution" mean that the effective date may be held in abeyance until a later time. Accordingly, he argues, the section means the decision shall become effective 30 days after delivery or mailing to the respondent unless the agency specifically provides that it shall become effective sooner or later.[3]

Because of the seasonal nature of the work, the petitioner here has successfully thrwarted the imposition of disciplinary action during a time of crop dusting activity. In effect, petitioner, unlike other licensees,[4] has avoided the administrative penalty which was to be imposed for violations of the Agriculture Code and administrative regulations. The question then presents itself whether section 11519 of the Government Code permits this type of situation to exist, as so contended by the petitioners.

The first sentence of subdivision (b) of section 11519 provides: "A stay of execution may be included in the decision or if not included therein may be granted by the agency at any time before the decision becomes effective."

The trial court held that the stay referred to is something "granted" at the request of the party being penalized and not something given at the pleasure of the agency. On the other hand, the first clause of subdivision (b)

---

[3]In this connection, the director contends that no special words are required to make the decision effective later. Thus, he argues that if the decision is made effective more than 30 days after delivery or mailing (as here), the decision by its terms includes a "stay of execution."

[4]See, e.g., *Morris v. Board of Medical Examiners* (1964) 230 Cal.App.2d 704 [41 Cal.Rptr. 351, 12 A.L.R.3d 1201] [physician]; *Kramer v. State Board of Accountancy* (1962) 200 Cal.App.2d 163 [19 Cal.Rptr. 226] [accountant].

leads us to believe the agency itself can grant a stay and thus defer the penalty. We think the question is a close one. However, we hold that the interpretation urged by the director should be made in cases of this type in order to avoid a subversion of the statutory provisions providing for the disciplining of licensees of the type here involved. If such an interpretation is not adopted, it is possible aerial pest control operators could escape penalties imposed for violations, since their suspensions (through legal proceedings) would occur only during the slack periods.

The director also contends that even if the superior court were correct in its ruling, it should have remanded the matter to the director for proceedings in conformity with its ruling. Counsel for the director specifically requested in the trial court that the case be remanded to the director. This request was denied, the court stating: "No stay having been granted in this case, the court declines to remand the case to Respondent [director] for further proceedings since such action by the court would only result in delaying the imposition of the 1-day [*sic*] suspension for an even longer period than the mandatory 30 days . . . ."

The director contends that if the case had been remanded, he could then have issued a new order making the decision effective within 30 days. The trial court apparently felt that imposition of the penalty at this later date would be "an inopportune time for the licensee to be penalized from his point of view." Such a ruling, argues the director, substitutes the court's judgment as to what the penalty should be for that of the judgment of the director, and this was done without even an attempt by petitioner to show an abuse of discretion.[5] He contends this is contrary to state law. (See *Hopper* v. *State Personnel Board* (1962) 204 Cal.App.2d 273, 275 [22 Cal.Rptr. 88]; see also *King* v. *Board of Medical Examiners* (1944) 65 Cal.App.2d 644, 652 [151 P.2d 282].)

Petitioner, on the other hand, merely states that the director, having failed to make his decision effective in a timely manner, was not in any position to correct his error, and therefore the court had no choice but to issue a permanent injunction.

What petitioner appears to be saying is that he can circumvent the law through various legal proceedings and thereby avoid any penalty that would actually serve a disciplinary purpose. ■ In our opinion the court substituted its judgment for that of the agency, and thus also erred in not granting a remand. For the reasons cited herein, we hold the trial court

---

[5]This point is not entirely clear. It could be the trial court felt there was an abuse of discretion by the director in deferring the penalty. In any event, the court's ruling prohibits any penalty.

erred in its interpretation of the statute and, secondly, failed to alleviate that error by its denial of a remand.

The judgment is reversed. The trial court is directed to remand this matter to the Director of the Department of Agriculture for further proceedings in accordance with this decision.

Richardson, P. J., and Goldstein, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.