[Civ. No. 17286. Fourth Dist., Div. Two. Aug. 4, 1977.]

GOVERNING BOARD OF THE CHAFFEY UNION HIGH
SCHOOL DISTRICT, Plaintiff and Appellant, v.
COMMISSION ON PROFESSIONAL COMPETENCE,
Defendant and Respondent;
JOHN A. PICKERING, Real Party in Interest and Respondent.

448

**COUNSEL**

M. Crane Kitchel, County Counsel, and Craig S. Jordan, Deputy County Counsel, for Plaintiff and Appellant.

Ralph D. Stern and Gloria M. Beutler as Amici Curiae on behalf of Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Skipper & Collier and Ronald G. Skipper for Real Party in Interest and Respondent.

**OPINION**

**TAMURA, Acting P. J.**—This appeal involves the scope of the dispositional power of the Commission on Professional Competence (commission) in proceedings under former Education Code section 13413 for the dismissal of a permanent certificated employee of a school district.[1]

[1]Unless otherwise indicated all statutory references are to the Education Code as it existed prior to the adoption of the reorganized Education Code which became operative on April 30, 1977. (Stats. 1976, ch. 1010, amended by Stats. 1976, ch. 1011.) Former section 13413 is now recodified as section 44944 of the reorganized Code. Although the recodified section amends former section 13413 in some particulars, the language of the new section pertinent to the issue here involved is identical to the former section.

Chaffey Union High School District (district) preferred charges of unprofessional and immoral conduct and evident unfitness for service against real party in interest herein, a permanent certificated teacher.

Former section 13413 as it existed at the date of trial reads as follows:

"In the event a hearing is requested by the employee, the hearing shall be commenced within 60 days from the date of the employee's demand for a hearing. The hearing shall be conducted and a decision made in accordance with Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code, and the Commission on Professional Competence shall have all the power granted to an agency therein, except that the right of discovery of the parties shall not be limited to those matters set forth in Section 11507.6 of the Government Code but shall include the rights and duties of any party in a civil action brought in a superior court. In all cases, discovery shall be completed prior to one week before the date set for hearing.

"If the right of discovery granted under the preceding paragraph is denied by either the employee or the governing board, all the remedies in Section 2034 of the Code of Civil Procedure shall be available to the party seeking discovery and the court of proper jurisdiction, to entertain his motion, shall be the superior court of the county in which the hearing will be held.

"The time periods in this section and of Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code and of Article 3 (commencing with Section 2016)of Chapter 3 of Title 3 of Part 4 of the Code of Civil Procedure shall not be applied so as to deny discovery in a hearing conducted pursuant to this section.

"The superior court of the county in which the hearing will be held may, upon motion of the party seeking discovery, suspend the hearing so as to comply with the requirement of the preceding paragraph.

"No witness shall be permitted to testify at the hearing except upon oath or affirmation. No testimony shall be given or evidence introduced relating to matters which occurred more than four years prior to the date of the filing of the notice. Evidence of records regularly kept by the governing board concerning the employee may be introduced, but no decision relating to the dismissal or suspension of any employee shall be made based on charges or evidence of any nature relating to matters occurring more than four years prior to the filing of the notice.

"In those causes specified in subdivisions (b), (f), (h), (i), (j), and (k) of Section 13403, the hearing shall be conducted by a hearing officer whose decision shall be binding on the board. In the event the employee is charged with any of the causes specified in subdivisions (a), (c), (d), (e), and (g) of Section 13403, the hearing shall be conducted by a Commission on Professional Competence. One member of the panel shall be selected by the employee, one member shall be selected by the governing board, and one member shall be a hearing officer of the State Office of Administrative Procedure who shall be chairman and a voting member of the competency panel and shall be responsible for assuring that the legal rights of the employee are protected at the hearing. If either the governing board or the employee for any reason fails to select a commission member at least seven days prior to the date of the hearing, such failure shall constitute a waiver of the right to selection, and the county board of education or its specific designee shall immediately make the selection. When the county board of education is also the governing board of the school district, the selection shall be made by the Superintendent of Public Instruction, who shall be reimbursed by the school district for all costs incident to the selection.

"The member selected by the governing board and the member selected by the employee shall have at least five years' experience in the specific educational function of the accused as set forth in Section 13055.

The charges were heard by the commission which determined that cause existed for dismissal for unprofessional conduct but not for immoral conduct or evident unfitness for service. The commission also found, however, that the teacher has served without incident during the eight years he had been with the district and is an "outstanding and effective" teacher. On these facts the commission ordered that the teacher be dismissed but permanently stayed its order of dismissal subject to the conditions that (1) the teacher be suspended and placed on a compulsory leave of absence for a two-year period without pay and without accrual of employment benefits during the period of suspension and (2) that he not recover from the district the attorney fees he incurred in connection with the dismissal proceedings.

The district filed a petition for administrative mandamus under Code of Civil Procedure section 1094.5 alleging that the commission exceeded its jurisdiction in permanently staying its order of dismissal subject to a two-year suspension. As an alternative ground the district alleged that considering the gravity of the charges found to be true, the commission abused its discretion in failing to order an unconditional dismissal.[2] The matter was submitted on the petition, answer by the teacher, the administrative record of the proceedings before the commission, and written and oral arguments of counsel. The court rendered its intended

---

"In those instances where the employee has been charged with any of the causes specified in subdivisions (a), (c), (d), (e), and (g) of Section 13403, the decision shall be made, by a majority vote, by the Commission on Professional Competence which shall prepare a written decision containing findings of fact, determinations of issues and a disposition either:

"(a) That the employee should be dismissed.

"(b) That the employee should not be dismissed.

"In those instances where the employee has been charged with any of the causes specified in subdivisions (a), (c), (d), (e), and (g) of Section 13403, the decision of the Commission on Professional Competence shall be deemed to be the final decision of the governing board.

"The board may adopt from time to time such rules and procedures not inconsistent with the provisions of this section, as may be necessary to effectuate this section.

"The governing board and the employee shall have the right to be represented by counsel.

"If the governing board orders the dismissal of the employee, the governing board and the employee shall share equally the expenses of the hearing, including the cost of the hearing officer. The employee and the governing board shall pay their own attorney fees.

"If the governing board orders that the employee not be dismissed, the governing board shall pay all expenses of the hearing, including the cost of the hearing officer, and reasonable attorney fees incurred by the employee."

[2]Since this ground of attack on the commission's order is not advanced by the district on this appeal, we deem it to have been abandoned.

decision holding that the commission was empowered to permanently stay its order of dismissal upon the prescribed terms and that the evidence adduced at the hearing supported the findings and decision of the commission. Findings and conclusions were filed in accordance with the intended decision and judgment was entered denying the petition. It is from this judgment that the instant appeal is taken.[3]

The sole question presented by this appeal is whether the commission was empowered to permanently stay its order of dismissal subject to a two-year suspension. The district contends that the commission lacks such power because the only dispositional authority conferred upon the commission by section 13413 is to determine whether the teacher should or should not be dismissed. The teacher defends the commission's action (1) on the power granted to an "agency" by Government Code section 11519 and (2) on the theory that the power to dismiss necessarily includes the power to suspend.

Preliminarily, we review the pertinent provisions of the Education Code. Dismissal proceedings are commenced by the filing of written charges by the governing board of the school district and service upon the employee of the board's intention to dismiss him at the expiration of 30 days unless a hearing is demanded. (§ 13404.) If the employee does not demand a hearing, he may be dismissed upon expiration of the 30-day period. (§ 13410.) If the employee demands a hearing, the governing board may elect to rescind its action or schedule a hearing on the matter. (§ 13412.) If the board chooses to proceed with the matter, a hearing on the charges is conducted by the commission and a decision is made in accordance with the provisions of Government Code sections 11500 to 11529 (hereafter referred to as APA) governing administrative adjudications. (§ 13413.) The commission is invested with "all the power granted to an agency" by the APA.[4] (§ 13413.)

The commission is composed of three members, one selected by the teacher, one chosen by the governing board and one a hearing officer of the state Office of Administrative Procedure who serves as chairman of the commission. (§ 13413.) The members of the commission, other than

---

[3]The commission did not make an appearance in the court below nor has it filed a brief on appeal.

[4]Section 13413 required a hearing by the commission where the teacher was charged with certain specified causes, including those with which the teacher in question was charged. The section was amended in 1975 (Stats. 1975, ch. 1216) to provide for a commission hearing in all cases. (Reorganized Ed. Code, § 44944.)

the hearing officer, must have had "at least five years' experience in the specific educational function of the accused." (§ 13413.)[5] The decision of the commission must be by a majority vote and a written decision must be prepared "containing findings of fact, determinations of issues and a disposition either: [¶] (a) That the employee should be dismissed. [¶] (b) That the employee should not be dismissed." (§ 13413.) When the employee has been charged with certain specified causes, including the charge of unprofessional conduct, the decision of the commission "shall be deemed to be the final decision of the governing board." (§ 13413.)[6] Decisions by the commission are subject to judicial review and on such review the court is required to exercise its independent judgment on the evidence. (§ 13414.)

The district insists upon a literal interpretation of section 13413 which would limit the dispositional power of the commission to an unconditional order of dismissal or nondismissal. The teacher contends, however, that inasmuch as section 13413 grants the commission "all the power granted to an agency" by the APA, in reviewing the commission's order we must look not only to the language of section 13413 but to the power conferred on an "agency" by the APA, particularly Government Code section 11519.

At the time the commission made its order and at the time judgment below was entered, Government Code section 11519 read in pertinent part:

"(a) The decision shall become effective 30 days after it is delivered or mailed to respondent unless: A reconsideration is ordered within that time, or the agency itself orders that the decision shall become effective sooner, or a stay of execution is granted.

"(b) A stay of execution may be included in the decision or if not included therein may be granted by the agency at any time before the decision becomes effective. *Where an agency has the power to make a probationary or conditional order* the stay of execution provided herein

---

[5]The section as recodified in the reorganized code provides that the member selected by the board and the member selected by the employee "shall hold a currently valid credential and have at least five years' experience within the past ten years in the discipline of the employee." (Reorganized Ed. Code, § 44944.)

[6]As amended in 1975 (Stats. 1975, ch. 1216) and as recodified in the reorganized code (§ 44944), the section provides that the decision of the commission is "deemed to be the final decision of the governing board" in all cases.

may be accompanied by an express condition that respondent comply with specified terms of probation; provided, however, that the terms of probation shall be just and reasonable in the light of the findings and decision." (Italics supplied.)

The teacher argues that the section empowers an agency to stay execution of its orders and that this comprehends the authority to make the stay subject to a period of probation or suspension. Assuming that the section authorized an agency to "grant" a stay of execution *sua sponte*,[7] subdivision (b) of the section suggests that the power to grant a stay subject to a probationary or conditional order must have its source independent of the section. Although numerous agencies subject to the APA have been invested with the authority to issue conditional orders,[8] such authority is not expressly conferred upon the commission. In face of the language of subdivision (b) which we have italicized, it would be difficult to infer this power solely from the implied authority granted by the section to stay execution of an administrative order.

However, we need not resolve the foregoing question because during the pendency of this appeal Government Code section 11519 was amended to expressly confer upon an agency the power to stay a disciplinary order subject to probationary terms and conditions (Stats. 1976, ch. 476) and because, for reasons expressed below, we have concluded that the amendment should be given effect in this case.

As amended, subdivision (b) of Government Code section 11519 reads:

"(b) A stay of execution may be included in the decision or if not included therein may be granted by the agency at any time before the decision becomes effective. The stay of execution provided herein may be accompanied by an express condition that respondent comply with

---

[7]The teacher. cites *Medlock Dusters, Inc.* v. *Christensen,* 35 Cal.App.3d 565 [110 Cal.Rptr. 805], in support of his argument that the commission could properly stay its orders without the request of either party to the hearing. The holding in *Medlock* is not, however, as broad as the teacher intimates; the court expressly confined its decision to such cases as the one before it where the power of an agency to stay its own order was critical to the efficacy of its disciplinary sanction because of the seasonal nature of the work involved (crop dusting). (35 Cal.App.3d at pp. 569-571.) Here, no such need exists and, therefore, the holding in *Medlock* is not controlling.

[8]E.g., Business and Professions Code sections 1670 (Board of Dental Examiners), 2372 (Board of Medical Examiners), 2759 (Board of Nursing Education and Nurse Registration), 4359 (State Board of Pharmacy), 5565 (State Board of Architectural Examiners).

specified terms of probation; provided, however, that the terms of probation shall be just and reasonable in the light of the findings and decision."[9]

Thus, the 1976 amendment to Government Code section 11519 removed the doubt that theretofore existed concerning the power of an agency rendering an administrative adjudication under the APA to suspend its disciplinary orders subject to probationary terms. We are, therefore, left with two questions: (1) Should the power conferred by the amended section be deemed to extend to the commission and (2) if so, should the amended section be applied in the instant case.

The district urges that in light of the Education Code coverage of teacher dismissal proceedings and of suspension powers of a governing

---

[9]The Legislative Counsel's Digest of the bill enacting the amendment states:

"Existing law, relating to administrative adjudication, authorizes specified administrative agencies rendering a decision affecting a right, authority, license or privilege issued or granted by such agency to include a stay of execution in such decision. The law provides that such stay of execution may be accompanied by an express condition that the party against whom the decision is rendered comply with specified terms of probation only where the agency has the power to make a probationary or conditional order.

"This bill would delete the requirement that only an agency which has the power to make a probationary or conditional order may include such an express probationary condition in a stay of execution; and thus include other administrative agencies subject to the law or administrative adjudication within the authorization to make such probationary conditions."

The district argues, however, that the amendment was simply designed to clarify the law and not to grant agencies powers they did not theretofore possess. In support of this view, the district directs our attention to the following report of the Assembly Office of Research:

"DIGEST

"This bill provides that any licensing or regulatory agency subject to the Administrative Procedure Act may suspend part of a disciplinary action imposed on a licensee.

"Existing law specifies that such a suspension may be granted only by an agency having the 'power to make a probationary or conditional order.' The Office of Administrative Hearings (OAH), which conducts hearings under provisions of the Administrative Procedure Act, considers all agencies subject to the act to have such power.

"FISCAL EFFECT

"None

"COMMENTS

"According to the OAH, the bill would have no fiscal or procedural effect, but would clarify code provisions to reflect present practice."

The report can be of little comfort to the district. In fact, it supports the teacher's contention that even before the 1976 amendment, the section conferred upon all agencies subject to the APA the power to suspend disciplinary orders on reasonable terms and conditions.

board of a school district, to apply Government Code section 11519 to the commission's dismissal orders would be discordant with the legislative will expressed in the Education Code. The district points out that with respect to kindergarten to twelfth grade school districts (K-12), governing boards have not been granted the general power to suspend a teacher as a disciplinary sanction, that the power to suspend is granted only in limited circumstances and then only for the protection of the school district pending determination of specified types of charges. (§§ 13408, 13409, 13411.) Furthermore, the district argues that the legislative history of section 13413 strongly suggests that the Legislature intended to withhold from governing boards of K-12 school districts (and the commission) the power to impose disciplinary sanctions short of dismissal. We address those arguments.

The district directs our attention to the fact that at the same 1971 legislative session at which section 13413 was added to the Education Code (Stull Act; Assem. Bill No. 293; Stats. 1971, ch. 361), the Legislature passed and the Governor approved a companion bill (Assem. Bill No. 3032; Stats. 1971, ch. 1654, p. 3558) providing a separate dismissal procedure for community college teachers from that applicable to K-12 teachers (§ 25490.10).[10] Under the community college statute an employee "may be dismissed or penalized" for causes which subject K-12 district teachers to be dismissed (§ 13482.10) and the board is empowered to impose penalties of "suspension for up to one year" or "suspension for up to one year and a reduction or loss of compensation during the period of suspension" (§ 13482.15); if the governing board decides to "dismiss or penalize" an employee, it must serve on the employee a statement of reasons for the proposed action (§ 13482.35) and upon the empoloyee's demand, a hearing must be held before an arbitrator agreed upon by the parties (§ 13483) or, if they cannot agree on an arbitrator, by a hearing officer of the Office of Administrative Procedure (§ 13483.25); the arbitrator or hearing officer must determine whether cause exists "to dismiss or penalize" and if he finds cause "he shall determine whether the employee shall be dismissed and determine the precise penalty to be imposed" and determine "whether his decision should be imposed immediately or postponed" subject to a one-year probationary period. (§§ 13483.05, 13483.35, 13482.35.)

---

[10] Section 42 of the Stull Act provides:

"Sec. 42. Article 5 (commencing with Section 31401) and Article 5.5 (commencing with Section 13485) of Chapter 2 of Division 10 of the Education Code shall not apply to certificated employees in community colleges if Senate Bill No. 696 or Assembly Bill No. 3032 is enacted at the 1971 Regular Session of the Legislature."

The district urges that by specifically granting community college district boards the authority to institute proceedings to "dismiss or penalize" a teacher and by empowering the arbitrator or hearing officer to determine the precise penalty to be imposed, the Legislature, in drafting the dispositional provisions of section 13413, made the conscious choice of withholding from the commission the power to impose disciplinary sanctions short of outright dismissal. It is, therefore, urged that the dispositional provisions of section 13413 are at variance with Government Code section 11519 and that the general provisions of Government Code must yield to the specific statute relating to teacher dismissal proceedings. (*Stewart* v. *San Mateo Junior College Dist.,* 37 Cal.App.3d 345, 347-348 [112 Cal.Rptr. 272].)

Although the argument is at first blush appealing, it overlooks significant differences in the statutory language pertaining to the powers and duties of the arbitrator or hearing officer in a community college teacher dismissal proceeding and the powers and duties of the commission. Section 13413 provides that "[t]he hearings shall be conducted *and a decision made*" in accordance with the APA "and the *Commission on Professional Competence shall have all the powers* granted to an agency therein. . . ." (Italics supplied.) Sections 13483.05 and 13483.30 dealing with community college dismissal proceedings do not contain the language of section 13413 that we have italicized; they merely provide that the arbitrator or hearing officer "shall conduct proceedings in accordance with" the APA. Section 13413 not only requires the hearings to be conducted in accordance with the procedures prescribed by the APA, it requires "a decision made" in accordance with that act and confers on the commission "all the powers granted to an agency." The latter must be deemed to include the power granted an agency by Government Code section 11519 to stay execution of a disciplinary order subject to probationary terms and conditions. To paraphrase the language from *Lucas* v. *Board of Education,* 13 Cal.3d 674, at page 680 [119 Cal.Rptr. 462, 532 P.2d 110], where our high court held Government Code section 11518 to be applicable to proceedings for the dismissal of a probationary employee under former Education Code section 13443:[11]

---

[11]Former Education Code section 13443 read in pertinent part:

"(c) In the event a hearing is requested by the employee, the proceeding shall be conducted and a decision made in accordance with Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code and the governing board shall have all the power granted to an agency therein, except that: (1) the respondent shall file his notice of defense, if any, within five days after service upon him of the accusation and he shall be notified of such five-day period for filing in the

"[W]e believe that if the Legislature, in its enactment of [section 13413], had intended to preempt the operation of [Government Code section 11519] in this area, it would have done so explicitly, as it did in modifying the applicability of Government Code section 11507.6 (discovery) and [the time periods prescribed by the APA]. Absent such express modification, we conclude that the Legislature intended that the decision be made 'in accordance with Chapter 5 of Part 1 of Division 3 of Title 2 of the Government Code,' which includes section [11519]." (13 Cal.3d at p. 680.) We conclude that in enacting section 13413 the Legislature intended the commission to have and exercise the power granted to an agency under Government Code section 11519.

Further, the history of teacher dismissal legislation supports the conclusion that the Legislature intended the commission to exercise the power of staying its order of dismissal subject to reasonable conditions, including a suspension.

At one time governing boards of school districts initiated and adjudicated the charges. The statute then provided that the "board may dismiss any permanent teacher after a hearing . . . upon proof of the charges . . . upon the affirmative vote of the majority of the board." (Former Pol. Code, § 1609.) In *Goldsmith* v. *Board of Education* (1924) 66 Cal.App. 157 [225 P. 783], the governing board, after hearing, found that the teacher was guilty of unprofessional conduct as charged but instead of dismissing him ordered a 10-week suspension without pay and a reprimand. The teacher urged that the board lacked the power to order a

accusation; (2) the discovery authorized by Section 11507.6 of the Government Code shall be available only if request is made therefor within 15 days after service of the accusation, and the notice required by Section 11505 of the Government Code shall so indicate; and (3) the hearing shall be conducted by a hearing officer who shall prepare a proposed decision, containing findings of fact and a determination as to whether the charges sustained by the evidence are related to the welfare of the schools and the pupils thereof. The proposed decision shall be prepared for the governing board and shall contain a determination as to the sufficiency of the cause and a recommendation as to disposition. However, the governing board shall make the final determination as to the sufficiency of the cause and disposition. None of the findings, recommendations, or determinations contained in the proposed decision prepared by the hearing officer shall be binding on the governing board or on any court in future litigation. Copies of the proposed decision shall be submitted to the governing board and to the employee on or before May 7 of the year in which the proceeding is commenced. All expenses of the hearing, including the cost of the hearing officer, shall be paid by the governing board from the district funds. The board may adopt from time to time such rules and procedures not inconsistent with provisions of this section, as may be necessary to effectuate this section."

suspension because the statute simply provided that a teacher may be dismissed. The reviewing court rejected the argument saying: "We will not assume that the Legislature, in enacting said section, acted upon the sanguinary theory upon which Draco ordained in his code of criminal laws that all offenses, whether petty or aggravated, should be punished with death, because, as he seemed to conceive, the least deserved it, while there was no greater human punishment which could be inflicted for the more heinous. To hold that the meaning of the word 'dismiss,' as used in said section, was intended to limit the power of the board to the imposition of no other punishment than that of permanent dismissal in any and all cases arising thereunder, regardless of whether the particular offense charged is of sufficient gravity to warrant such a penalty, would give to the section a construction which, in its application to conceivable cases, would be so unreasonable as that the courts might be justified in declaring it to be void. . . ." (At p. 163.) The court concluded that the word "dismiss" should be deemed to include the word "suspend" and that the governing board was vested with the discretion in a given case of determining whether the teacher should be permanently or only temporarily "dismissed." (At pp. 164-165.)

In 1935 the administrative responsibility of hearing the charges was removed from the governing board and placed with the superior courts. (Stats. 1935, ch. 691, p. 1887; *Board of Education* v. *Ballou,* 21 Cal.App.2d 52, 55 [68 P.2d 389].) If the teacher demanded a hearing, the governing board was required to file a complaint in the superior court setting forth the charges and requesting the court to inquire into them to determine whether or not they are true, and if true, whether they constitute sufficient grounds for dismissal. (Former Sch. Code, § 5.654.) The power of the court, however, was limited to determining the truth or falsity of the charges and their sufficiency to justify dismissal (see *Fresno City H. S. Dist.* v. *De Caristo,* 33 Cal.App.2d 666, 670 [92 P.2d 668]); a judgment that a teacher may be dismissed was "not to be deemed a matter of direction or compulsion" (*Midway School Dist.* v. *Griffeath,* 29 Cal.2d 13, 17 [172 P.2d 857]). The ultimate power to decide whether the teacher should be dismissed continued to be reposed in the governing board of the school district.

With the enactment of section 13413 in 1971, the function of adjudicating dismissal charges against teachers was transferred from the superior courts to the Commission on Professional Competence. The commission, however, was invested with an important power not

formerly granted to the superior courts. Under section 13413 where the teacher is charged with immoral or unprofessional conduct, dishonesty, incompetence, evident unfitness for service and certain other specified causes, the decision of the commission is deemed "to be the final decision of the governing board."[12] In those instances, the commission is not only empowered to inquire into the truth or falsity of the charges and determine whether or not they constitute sufficient grounds to justify dismissal, it is vested with the power to make the final decision on whether or not the teacher "should be dismissed."[13] Consequently, the principle enunciated in *Goldsmith* v. *Board of Education, supra,* 66 Cal.App. 157, is apposite. We cannot ascribe to the Legislature an intention to confine the tribunal entrusted with the final decision making power to the choice of either the supreme penalty or no penalty at all. Section 13413 avoids such a draconian choice by conferring upon the commission all the powers granted to an agency by the APA thereby vesting in the commission the same flexibility in framing its dismissal orders as are accorded other agencies subject to the APA.

Finally, the rigid restriction on the dispositional power of the commission as espoused by the district would not be in the public interest. The instant case is a classic example of the harmful result which would flow from an inflexible literal interpretation of the dispositional power granted the commission by section 13413. Although the teacher was found guilty of unprofessional conduct, he was found to be an outstanding teacher with a history of years of unblemished service and a reputation among faculty and students for high personal morality. The commission manifestly was of the view that the nature of the unprofessional conduct was not of sufficient gravity to warrant dismissal but yet justified some type of sanction. To have imposed the maximum penalty of dismissal would have virtually destroyed the teacher's career and deprived the public educational system of the services of an outstanding teacher. On the other hand to have permitted the teacher to go unpunished would undermine the standard of professional conduct which the public has the right to expect of its teachers. In these

---

[12]As heretofore noted in footnote 6, *ante,* the statute has been amended to provide that the commission's decision shall be deemed to be the final decision of the governing board in all cases.

[13]While the language "should be dismissed" or "should not be dismissed" (§ 13413) suggests a recommendatory decision rather than a final decision, the word "should" was no doubt chosen because as the section then read the commission's decision was to be deemed the final decision of the governing board only in cases involving certain types of charges.

circumstances, the public interest is best served by a just and reasonable probationary or conditional order of dismissal.[14]

For all of the foregoing reasons we conclude that Government Code section 11519 is applicable to proceedings under section 13413.

■ The remaining question is whether Government Code section 11519 as amended in 1976 should be applied to this case. We hold that it should. ■ The application to pending litigation of a statute effecting a change in procedure or providing a new remedy for the enforcement of existing rights is not violative of the principle of presumed nonretroactivity of a statute. (*Angeli* v. *Lischetti,* 58 Cal.2d 474, 478 [24 Cal.Rptr. 845, 374 P.2d 813]; *Sour* v. *Superior Court,* 1 Cal.2d 542, 544-545 [36 P.2d 373]; see *Church* v. *County of Humboldt,* 248 Cal.App.2d 855, 857 [57 Cal.Rptr. 79]; see *Coast Bank* v. *Holmes,* 19 Cal.App.3d 581, 593-594 [97 Cal.Rptr. 30].) ■ The 1976 amendment to Government Code section 11519 was remedial in nature. It was designed to grant to, or to confirm the existence of, an agency's power to stay its disciplinary orders subject to reasonable probationary terms. Since the amendment was enacted before the commission's decision became final, we may dispose of this appeal under the law presently in force. (See *Governing Board* v. *Mann,* 18 Cal.3d 819, 830-831 [135 Cal.Rptr. 526, 558 P.2d 1]; *Newland* v. *Board of Governors* 1977) 19 Cal.3d 705, 710 [139 Cal.Rptr. 620, 566 P.2d 254].)

We conclude that the judgment below denying a peremptory writ of mandate compelling the commission to set aside its order should be affirmed.[15]

Judgment is affirmed.

McDaniel, J., and Morris, J., concurred.

---

[14]Since the commission is composed of two experienced educators in the discipline of the teacher and an administrative hearing officer, it possesses the necessary expertise and background to frame reasonable probationary terms upon which its dismissal orders should be stayed where justified by the facts of the particular case. The Legislature has provided a safeguard against arbitrary or unreasonable commission actions by permitting either the governing board or the teacher to petition for judicial review of the commission's decision and by charging the court, on review, with the duty of exercising its independent judgment on the evidence. (§ 13414.)

[15]Since the teacher made no attack upon the commission's order, we are not called upon to decide the reasonableness of the two-year suspension without pay as a condition of the permanent stay order.